### SIMON BESEROSKY *vs.* HENRY MASON.

Bristol.    October 28, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Judgment,* Petition to vacate. *Practice, Civil,* Appeal from District to Superior Court, Default, Requests, rulings and instructions. *Res Judicata.*

In considering exceptions, by the petitioner in a petition to vacate a judgment entered in a district court, to the dismissal of the petition in the Superior Court, where it appeared that the petition had been denied in the district court and that the petitioner had appealed to the Superior Court, this court *assumed* that the petitioner rightly might appeal to the Superior Court under G. L. c. 231, § 97, notwithstanding St. 1922, c. 532, § 8, whereby provision is made for appellate divisions of district courts.

A petition to vacate a judgment is a separate proceeding and not a supplemental step in the original cause.

Such a petition ordinarily is addressed to the sound judicial discretion of the court.

It was proper to refuse, at the hearing of a petition to vacate a judgment, requests for rulings which attempted to raise questions which were open to the petitioner on the trial of the original cause.

No error of law was shown in the denial by a judge of a district court of a motion to remove a default of a defendant where no abuse of judicial discretion appeared.

At the hearing of the petition above described, the petitioner offered to prove that the original action was by the respondent claiming as assignee from the trustee in bankruptcy of a creditor of the petitioner, and asked for a ruling that a judgment against him in the original action was no protection and could not "be *res adjudicata* against a further action for the claim based on assignment." *Held*, that the ruling requested was unsound in law.

PETITION, filed in the Third District Court of Bristol on July 11, 1927, to vacate a judgment entered in an action in that court on July 1, 1927, by the respondent herein against the petitioner herein.

On appeal to the Superior Court, the petition was heard by *Gray*, J. Material facts are stated in the opinion. The petitioner, besides offering to prove the facts stated in the opinion, offered to show that at the trial of the original action the plaintiff therein, the "present respondent put in evidence concerning a sale of goods by Benjamin Mason to the petitioner and credits thereon with a subsequent balance in favor of Benjamin Mason in the sum of $1,995.40; the bankruptcy of Benjamin Mason; the sale of the accounts of Benjamin Mason, by his trustee in bankruptcy, to one Meyer Levine; and the sale of the accounts by the said Levine to the respondent herein."

The petitioner requested the following rulings of law:

"1. As a matter of law, it is necessary in suing on an assigned chose in action, that the assignment be pleaded.

"2. If the plaintiff in bringing suit on a chose in action is a remote assignee the declaration should specifically state the passage of title through the intermediate assignee.

"3. Where an assignee declares on a chose in action which has been assigned to him, the declaration should state nonpayment to the assignor before assignment and also nonpayment to the assignee before the bringing of the action.

"4. A judgment against this petitioner on the declaration in the action by the respondent herein against this petitioner for goods sold and delivered, is no protection and cannot be *res adjudicata* against a further action for the claim based on the assignment.

"5. The petitioner is entitled to the granting of his petition as a matter of law."

The requests were refused. The petition was dismissed. The petitioner appealed.

*S. Rosenberg,* for the petitioner.

*T. F. O'Brien,* for the respondent.

RUGG, C.J.    This petition to vacate a judgment and to stay execution was brought in a district court under G. L. c. 250, §§ 14–20. It was there decided adversely to the petitioner. On appeal it was heard in the Superior Court where an order was entered that the petition be dismissed. The petitioner's exceptions bring the case here. Of necessity this petition was brought in the District Court because the judgment sought to be vacated was rendered in that court. It is assumed that the petitioner rightly might appeal to the Superior Court under G. L. c. 231, § 97, notwithstanding St. 1922, c. 532, § 8, whereby provision is made for appellate divisions of district courts. *Lynn Gas & Electric Co.* v. *Creditors National Clearing House,* 235 Mass. 114.

The original judgment here sought to be vacated was entered in an action of contract. The defendant in that action, the present petitioner, appeared by attorney and filed an answer pleading a general denial and payment. At the trial in the Superior Court the petitioner offered to show that in the declaration of the plaintiff in that action it was alleged that the defendant owed him a specified sum "for goods sold and delivered by the plaintiff to the defendant according to the account" annexed; that the goods in controversy in that action were purchased by the petitioner from one Benjamin Mason and were paid for in full; that no account was due from the present petitioner to Benjamin Mason when the latter became bankrupt; and that neither the trustee in bankruptcy of Benjamin Mason nor the assignee of the accounts of the bankrupt ever demanded payment of an account or debt from the petitioner. The petitioner further offered to show that at the trial in the District Court of that action he did not appear because informed by his attorney that his presence was not re-

quired; that that trial was continued for one week, at which time the petitioner again failed to appear because he supposed that his presence was not required, and he was thereupon defaulted and judgment entered against him. There was evidence tending to show that the petitioner was notified by his attorney of the evidence offered at the first day of the trial of the original action and was told that he must be present on the day to which the trial was continued, and that the petitioner said he would not be present. It was agreed that the matters raised on the present petition were urged and argued before the trial court on a motion to remove the default in the original action and also at the hearing on the present petition in the District Court.

A petition to vacate a judgment is a separate proceeding and not a supplemental step in the original cause. *Maker* v. *Bouthier,* 242 Mass. 20, 22. Such a petition ordinarily is addressed to the sound judicial discretion of the court. Refusal to grant it raises no question of law. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 423, 424. *Ryan* v. *Hickey,* 240 Mass. 46. The first three requests for rulings were rightly refused because they attempted to raise questions which were open to the defendant on the trial of the original case. No adequate reason is disclosed on this record why they should not have been raised and determined at that time. *Stillman* v. *Donovan,* 170 Mass. 360. There was no error of law in the action of the District Court in refusing to remove the default entered against the present petitioner as defendant there. *Hurnanen* v. *Gardner Automobile Co.* 225 Mass. 189, 191. By placing the decision on this ground we do not mean to intimate that there was anything in the requests even if they had been seasonably presented. See *Baldwin* v. *Porter,* 217 Mass. 15, 17; *Hall* v. *Henry Thayer & Co.* 225 Mass. 151, 153. The fourth request, to the effect that the judgment in the original action would be no protection to the present petitioner on the doctrine of *res judicata,* was rightly refused because unsound in law. *Foye* v. *Patch,* 132 Mass. 105, 111. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 49.

*Exceptions overruled.*