CLARENCE A. RUSSELL *vs.* MICHAEL F. FOLEY.

Suffolk.   December 15, 1931. — January 25, 1932.

Present: RUGG, C.J., WAIT, SANDERSON, & FIELD, JJ.

*Judgment*, Petition to vacate.  *Practice, Civil*, Entry of verdict under leave reserved, Exceptions.

A judgment entered in an action pursuant to Common Law Rule 53 of the Superior Court (1923) stands, with respect to a petition to vacate it under G. L. c. 250, § 15, on the same footing as all other judgments described in said § 15.

The granting of a petition to vacate a judgment under G. L. c. 250, § 15, is addressed largely although not exclusively to the sound discretion of the court in which the judgment was entered.

A petition for vacation of a judgment entered for the defendant in an action at law after the plaintiff had failed to have allowed, as required by Common Law Rule 53 of the Superior Court (1923), exceptions to the entry of a verdict for the defendant in accordance with leave reserved under G. L. c. 231, § 120, should not be granted unless the judge who hears the petition is satisfied that the plaintiff had a meritorious and good cause of action in the original action.

An error by the judge hearing such petition in refusing to rule that "the petitioner must show that he had a meritorious . . . cause of action" was not harmless merely because the judge had entered the verdict for the defendant under leave reserved and may have believed that a genuine question deserving consideration and determination by this court was involved in his ruling: he may not have entertained that view.

PETITION, filed in the Superior Court on April 24, 1931, to vacate a judgment entered in favor of the respondent in an action against him by the petitioner.

The petition was heard by *Greenhalge*, J., upon testimony by the parties' attorneys.   Findings by the judge are stated in the opinion.   He refused to make the following rulings requested by the respondent:

"1. The petition on its face fails to set forth grounds sufficient in law to vacate a judgment.

"2. The discretion of the presiding judge should be exercised so as not to encourage carelessness or laxity.

"3. In order to secure the vacation of the judgment, the

petitioner must show that he had a meritorious and good cause of action in the original action."

"5. Upon all the facts adduced in evidence, the petition must be dismissed."

The petition was allowed, and the respondent alleged exceptions.

*Lee M. Friedman*, (*F. L. Kozol* with him,) for the respondent.

*J. R. Kewer*, (*R. F. Barrett* with him,) for the petitioner.

RUGG, C.J.    This is a petition filed as an original proceeding on April 24, 1931, to vacate a judgment entered in the Superior Court on April 21, 1931. G. L. c. 250, § 15. *Maker* v. *Bouthier*, 242 Mass. 20, 22, 23. It relates to the judgment entered in a case tried to a jury, in which after verdict for the plaintiff, under leave reserved, the trial judge entered a verdict for the· defendant subject to the plaintiff's exceptions. A bill of exceptions in that case was seasonably filed. Final extension of time for allowance of those exceptions expired on April 17, 1931. The exceptions had not then been allowed. The trial judge, after a hearing, allowed the present petition, at the same time denying certain requests for rulings and filing a statement of findings and order of this tenor: "Upon all the evidence including matters which occurred before me and of which I have personal knowledge, I find that the attorney for the plaintiff, after a hearing upon the bill of exceptions, at which the exceptions were substantially settled by the court, failed to apply for a further extension of the time for the allowance of the substituted bill, due to an error as to the precise date when the previous extension expired. Unless these facts as matter of law must be so construed, I do not find that plaintiff's counsel was so lax or careless in the matter as to conclude me from the exercise of discretion in the premises, and, accordingly, if I have authority to do so, I direct that an order be entered allowing the within motion and vacating judgment in the within case."

These findings of fact must stand because (1) they rest in part upon matters within the personal knowledge of the judge and not set forth in the record, and (2) there is evi-

dence in the record to support the findings made. *Moss*
v. *Old Colony Trust Co.* 246 Mass. 139, 143.

The judgment was entered pursuant to Common Law
Rule 53 of the Superior Court (1923) then in force. (See
now Rule 74 of the Superior Court [1932]). That rule was
in these words: "Bills of Exceptions. Hearings. Allowance.
In all causes in which bills of exceptions have been filed and
remained without action thereon for three months, the clerk
shall forthwith notify the parties interested and the justice
who tried the case that unless within thirty days thereafter,
or within such further time as the justice may for cause allow,
the bill of exceptions is presented to the presiding justice
for allowance and is by him allowed, it will be dismissed
and judgment will be entered as though no exceptions had
been filed. If within such time the bill of exceptions is
not allowed the exceptions shall be dismissed as of course
and judgment be entered as though no bill of exceptions
had been filed." It was a valid rule. Plainly it was the
duty of the present petitioner, as the excepting party in
that case, to comply with that rule or bear the conse-
quences of his failure to do so. *Bath Iron Works, Ltd.* v.
*Savage,* 262 Mass. 123. *Herbert* v. *G. E. Lothrop Theatres Co.*
273 Mass. 462. The force and effect of the penalty of the
rule are that, when exceptions have been dismissed pur-
suant to its provisions, judgment shall be entered as though
no bill of exceptions had been filed. It does not attempt
to go further. Such judgment when entered stands with
respect to a petition to vacate on the same footing as all
other judgments described in G. L. c. 250, § 15, stand. It
has no superior force or immunity as compared with other
judgments. The words of said § 15 make no discrimina-
tion between judgments. They are general in terms. There
is nothing in the words or history of said Rule 53, or of the
statute on which it was founded (St. 1911, c. 212, now
G. L. c. 231, § 114), which discloses a purpose to render
judgments entered in accordance therewith different in
kind from other judgments. The design of the statute and
the rule founded on it have been said to be the preven-
tion of "unreasonable delays in pressing exceptions for

allowance illustrated in *Meehan, petitioner,* 208 Mass. 60, and to extend the power of courts to prevent appeals or exceptions from becoming instruments of unjust delay." *Frank, petitioner,* 213 Mass. 194, 196. Petitions to vacate a judgment are extraordinary in nature and ought to be granted only after careful consideration and in instances where they are required to accomplish justice.

The granting of a petition to vacate a judgment is not governed by a fixed rule but rests largely although not exclusively in the sound discretion of the' court. *Soper* v. *Manning,* 158 Mass. 381, 384. *Yetten* v. *Conroy,* 165 Mass. 238. *Lee* v. *Fowler,* 263 Mass. 440, 443, and cases cited. *Beserosky* v. *Mason,* 269 Mass. 325, 328. *Powdrell* v. *DuBois,* 274 Mass. 106. Sound judicial discretion implies calmness, conscience, courage, impartiality, wisdom and discernment of the just result. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496–497. *Osborn* v. *United States Bank,* 9 Wheat. 738, 866. *Langnes* v. *Green,* 282 U. S. 531, 541. It would not be the exercise of sound judicial discretion to vacate a judgment merely to relieve a party from the consequence of intelligent or intentional carelessness or laxity in the observance of established principles on his own part or that of his attorney. There must appear some merit in the contentions subsequently to be made, or proceedings later to be undertaken, by the party invoking the exercise of that discretion. Neither the public nor the adversary party ought to be put to further expense unless the ends of justice require the reopening of the litigation. The petitioner in such a proceeding must show that he has a substantial and meritorious cause which requires further inquiry or trial in the courts. Such a cause means one worthy of judicial investigation because raising a material question of law meriting discussion and decision, or a real controversy as to essential facts arising from conflicting or doubtful evidence. *Lovell* v. *Lovell,* 276 Mass. 10, 11–12, and cases cited. *Dondis* v. *Lash,* 277 Mass. 477, 481–482. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43, 45. *Mellet* v. *Swan,* 269 Mass. 173, 176. This principle in substance was embodied in request for ruling 3 presented by the re-

spondent. That request ought to have been granted. It was denied. This cannot be said to have been harmless error, because we cannot know what decision might have been reached by the trial judge if he had correctly instructed himself as to the governing principles of law. The circumstance that the trial judge had entered a verdict under leave reserved is not decisive on this point. It is conceivable that, although he felt required by law to take that action, he may have believed that a genuine question deserving consideration and decision by this court was involved in his ruling. If that were so, it might warrant vacation of the judgment provided other necessary factors were found to be present. See *Bullock, petitioner,* 254 Mass. 14. On the other hand, he may not have entertained that view.

It follows that the entry must be

*Exceptions sustained.*