Wilson, J.
This was a petition for audita querela in the District Court of Somerville seeking to enjoin the-respondent from enforcing an execution issued upon a .judgment obtained in said Court., .The respondent filed a *359 demurrer and at the same time filed an answer in abatement “without waiving the demurrer” and also an answer to the merits “without waiving the demurrer and answer in abatement.” The matter was set down for hearing on the demurrer and answer in abatement only.
In connection with the hearing on the demurrer, the respondent filed certain requests for rulings. The trial judge did not act upon said requests and overruled the demurrer.
In connection with the answer in abatement, the respondent also filed three requests for rulings. The trial judge denied the first and allowed the second and third and dismissed the answer in abatement because it was filed subsequent to the filing of the demurrer.
The respondent claiming to be aggrieved by the court’s ruling and refusal to rule and by the dismissal of the answer in abatement and the overruling of the demurrer, the court reported the same to this Division.
There has been no trial upon the merits of the petition.
By the provisions of General Laws (Ter. Ed.) c. 249, §1, the writ of medita must be ‘ ‘ sued out of and be returnable to the court in which the judgment was rendered.” It follows that this proceeding was not one which the petitioner might have begun in the Superior Court within the meaning of General Laws (Ter. Ed.) c. 231, §103.
Referring to a petition to vacate a judgment under General Laws (Ter. Ed.) c. 250, §14, it was said in Hopkinton v. B. F. Sturtevant Company, 285. Mass. 272, 275:
“ Since by compulsion of the statute and not by voluntary election the petition was filed in the District Court where the judgment was entered, appeal from the action on the petition lay to the Superior Court. ’ ’
See. also Beserosky v. Mason, 269 Mass. 325, 327. And in Lynn Gas and Electric Company v. Creditors National *360 Clearing House, 235 Mass. 114, 115, the same rule was applied to a writ of review.
For the same reasons, we are of opinion that the appeal from the action of the trial court in the matter now before us lay also to the Superior Court.
The report is, therefore, dismissed.