Putnam, C. J.
The defendant appealed from the taxation of costs by the clerk and the appeal was duly heard by a judge of this court who, after hearing, dismissed it. *393 The report to this division brings up for review the denial by the judge of' certain requests for rulings of law.
The report recites that it contains all the evidence material “to the questions reported”. From the report it appears that at the hearing of the appeal the defendant was the only witness. He offered as a corroborating witness one of his employes “but the court did not think it necessary to hear him”. From this record we infer that the judge believed the testimony of the defendant and did not feel any need of hearing testimony corroborative thereof. We deal with the case on this footing.
The defendant’s testimony, if believed, required a finding that the defendant, returning to his place of business unexpectedly in the evening, found a constable’s keeper there, acting under the authority of the writ in this action, in a drunken condition accompanied by a drunken woman whom he (the keeper) had sent for, over the defendant’s telephone, without the defendant’s permission, for his (the keeper’s) private purposes, with intent to keep her there over night.
The judge instructed himself, as requested by the defendant, that where a keeper becomes a trespasser ab initio the constable who deputized him also becomes a trespasser ab initio and is not entitled to any costs in connection with the attachment. But he declined to give the following ruling requested by the defendant:
‘ ‘ 5. When a constable’s keeper in possession of personal property in a building occupied by the defendant uses the defendant’s phone without the defendant’s permission, and invites in a woman with the intention of keeping her upon the defendant’s premises over night, he becomes a trespasser ab initio ”.
This requested ruling should have been given. The keeper plainly was a trespasser ab initio, and so was the constable. Malcom v. Spoor, 12 Met. 279.
*394 The costs were taxed, by direction of the judge, in the sum of $41.25, although it would appear that the figure should have been $41.50. Of this sum the amount of $4 was allowed for custody and $27 for the keeper’s services.
By Gen. Laws (Ter. Ed.) Ch. 223, sec. 48, as amended by St. 1937, Ch. 308 and by St. 1938, Ch. 348, sec. l,.it is provided, among other things, that “Costs in an action in which a keeper has been appointed shall be at the discretion of the court”, and.it is argued by the plaintiff that in dismissing the defendant’s appeal from the taxation of costs the judge was merely exercising his discretion in deciding what was just and proper under the circumstances. That may well have been so, but even in discretionary matters a judge must correctly advise himself as to the law bearing on the questions to be decided. Russell v. Foley, 278 Mass. 145.
Like the Supreme Judicial Court in the above case this division “cannot know what decision might have been reached by the trial judge if he had correctly instructed himself as to the governing principles of law. ’ ’
The order dismissing the appeal from the taxation of costs, by the clerk is reversed.

So ordered.