GENEVIEVE E. BUCHER *vs.* TOWN OF RANDOLPH.

Suffolk.   October 9, 1940. — November 25, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Land Court*, Vacation of decree.

No abuse of discretion appeared in the dismissal of a petition by the holder of an unrecorded assignment of a mortgage to vacate a decree of the Land Court foreclosing the right of redemption from a tax title where the ground of the petition was want of notice of the foreclosure proceeding but it appeared that the petitioner knew or should have known thereof and that he would have received notice had he recorded his assignment.

PETITION, filed in the Land Court on September 6, 1939, to vacate a decree foreclosing rights of redemption from a tax title.

The case was heard by *Fenton*, J., and in this court was submitted on briefs.

· *W. J. Good*, for the petitioner.

*T. Lyons, Jr.*, Town Counsel, for the respondent.

RONAN, J.   The town of Randolph acquired a tax title in September, 1933, for the nonpayment of the taxes, assessed for 1931, upon certain premises owned by one Atherton, and upon which there was a mortgage held by Mary A. Dillon.   The town filed a petition in the Land Court on November 14, 1938, to foreclose all rights of redemption under the tax title, upon which, after notice was given to the owner and to the administrator of the estate of the mortgagee, a decree in favor of the town was entered on February 15, 1939.   The petitioner, Genevieve E. Bucher, the holder since February 24, 1936, of the mortgage given to Mary A. Dillon, filed the present petition on September 6, 1939, in the Land Court, to vacate the decree granted to the town, alleging that she had received no notice of the proceedings brought by the town.   She appealed from a decree dismissing her petition upon all the evidence.

It appears from the decision of the judge that the petitioner holds the mortgage for the benefit of Harold J. Dillon, hereinafter referred to as Dillon; that Dillon knew that Atherton, the owner, was in arrears on his taxes, and conferred several times with one McNeill, the town treasurer, in regard to these unpaid taxes, and in 1937 attempted to make an arrangement to delay the filing of a petition by the town to foreclose the right of redemption; that Dillon did not want the assignment of this mortgage recorded; that McNeill telephoned on October 17, 1938, to the office of one Good (the attorney for both the petitioner and Dillon) in whose office the petitioner was employed, and told the petitioner to advise Mr. Good that the town would bring proceedings to foreclose the rights of redemption under its tax title on October 31, 1938; that upon the filing of the present petition the case was again referred by the court to one of its examiners, who reported that this mortgage was included in the inventory of the estate of Mary A. Dillon and that the first account of her administrator, which was filed on February 15, 1938, included an item "Gain on Assignment of Mortgage W. Stanley Atherton to Genevieve E. Bucher, $60.00"; and that the assignment of the mortgage to Bucher was recorded on January 6, 1940, four months after she filed her petition. The judge found that, if the assignment had been recorded, the petitioner Bucher would have received a copy of the citation which issued when the town filed its petition; that both the petitioner and Dillon knew or ought to have known that the town's petition had been filed; that they "did nothing to prevent the issuance of the decree, and even now make no offer to redeem the property if the petition [*sic*] is vacated."

The failure of the examiner of the Land Court to discover that the mortgage had been assigned to the petitioner when he made his first report because he did not examine the probate records in the estate of Mary A. Dillon is not decisive upon the facts appearing in the decision. The judge found that those probate records did not alone show that the mortgage mentioned was the mortgage in question. The petitioner had been definitely advised that the town would

file its petition on October 31, 1938, and she wrote this date upon a slip of paper and put it with Dillon's papers in the office where she was employed. Neither she nor Dillon believed that the inventory or the account filed in the estate of the mortgagee fully disclosed that she was the present holder of the mortgage for the benefit of Dillon, for both refrained from recording the assignment of the mortgage.

The granting° of the petition to vacate the decree rested largely but not entirely in the discretion of the trial judge. *Russell* v. *Foley*, 278 Mass. 145. *Odde* v. *Field*, 297 Mass. 167. The petitioner could refrain from recording the assignment, but she ought not to have the decree vacated and the case reopened when she knew that a petition was to be filed and when she and Dillon knew or ought to have known that a proceeding had been brought and she then failed to record the assignment or to appear in that proceeding. She cannot justly seek relief from consequences which directly resulted from a deliberate course of action in a persistent attempt to conceal the ownership of the mortgage. No extenuating circumstances are disclosed by the record. Moreover, the foreclosure of a tax title now held for more than seven years by the town ought not to be further delayed except for a cause, shown to have been seasonably urged, and of sufficient strength to warrant relief in order to prevent a manifest injustice. The examiner was required to make "an examination of the title sufficient only to determine the persons who may be interested in the same," G. L. (Ter. Ed.) c. 60, § 66, as amended by St. 1935, c. 224, § 1, and the finding in substance and effect that, in making his first examination of the title, he complied with the statute in so far as it is a finding of fact cannot be reversed, *Springfield* v. *Arcade Malleable Iron Co.* 285 Mass. 154; *Bacon* v. *Kenneson*, 290 Mass. 14; and in so far as it is a mixed question of law and of fact, it must stand, as it is not shown to be vitiated by any error of law. *Wood* v. *Baldwin*, 259 Mass. 499. *Erickson* v. *Ames*, 264 Mass. 436. The petition to foreclose the tax title was in the nature of a proceeding *in rem*, *Tyler* v. *Court of Registration*, 175 Mass. 71, and it was for the Legislature to deter-

mine, when both the taxpayer and the mortgagee had ample remedies to challenge the validity of the assessment, *Wiggin* v. *Lowell Five Cent Savings Bank*, 299 Mass. 518, *Choate* v. *Assessors of Boston*, 304 Mass. 298, what other opportunity should be afforded before their rights in the property are finally foreclosed. *Napier* v. *Springfield*, 304 Mass. 174, 178.

The general finding against the petitioner imports the finding of all subsidiary facts consistent with that conclusion of which the evidence was susceptible not inconsistent with the facts actually found or with rulings of law. *Adams* v. *Dick*, 226 Mass. 46. *Gottman* v. *Jeffrey-Nichols Co.* 268 Mass. 10, 12. It has not been shown that there was any abuse of sound judicial discretion in dismissing the petition. No error of law appears upon the record. *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 268 Mass. 424. *Mellet* v. *Swan*, 269 Mass. 173. *Beserosky* v. *Mason*, 269 Mass. 325. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43. *Manzi* v. *Carlson*, 278 Mass. 267. *Kravetz* v. *Lipofsky*, 294 Mass. 80.

*Decision affirmed.*