MAURICE B. LYNCH & another *vs.* CITY OF BOSTON.

Suffolk.    March 2, 1943. — March 31, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Land Court,* Vacation of decree.   *Taxation,* Real estate tax: foreclosure of right of redemption.   *Evidence,* Relevancy and materiality.

Evidence of overassessment of real estate was immaterial at the hearing of a petition to vacate a decree foreclosing rights of redemption under a tax title; the exclusive remedy for overassessment is by application for abatement.

A decree dismissing as a matter of discretion a petition in the Land Court seeking vacation of a decree foreclosing rights of redemption under a tax title was not shown to be improper where the contentions of the petitioner might have been raised by him at the hearing on the original petition.

If a petition to vacate a decree of the Land Court is properly dismissed as a matter of discretion, it is immaterial whether a decree granting the petition would have been justified as a matter of law.

PETITION, filed in the Land Court on September 9, 1941.

The case was heard by *Fenton,* J., and in this court was submitted on briefs.

*M. B. Lynch,* for the petitioners.

*S. S. Dennis,* Assistant Corporation Counsel, & *M. Corman,* for the respondent.

FIELD, C.J.   This is a petition filed in the Land Court by Maurice B. Lynch and another to vacate a decree entered in that court under G. L. (Ter. Ed.) c. 60, § 69, as amended, barring all rights of redemption under a tax title acquired by the city of Boston by a sale for taxes for the year 1933. A judge of the Land Court filed a decision in which he recited that he had excluded certain evidence, denied certain requests for rulings, and ruled that the petition be dismissed.   The petitioners did not appeal from this decision, but their bill of exceptions was allowed incorporating the petition, the decision, evidence excluded as well as certain evidence introduced, and the petitioners' requests for rulings.

We assume in favor of the petitioners that a petition to vacate the decree, of the nature of a petition to vacate a judgment under G. L. (Ter. Ed.) c. 250, § 15, was an available remedy for the petitioners.   See G. L. (Ter. Ed.) c. 60, § 75, as amended by St. 1936, c. 189, § 1; *Burt* v. *Hodsdon*, 242 Mass. 302; *Moll* v. *Wakefield*, 274 Mass. 505; *Bucher* v. *Randolph*, 307 Mass. 391.

It does not appear that any exceptions were saved by the petitioners other than an exception to the exclusion of evidence.   *United States Fidelity & Guaranty Co.* v. *Sheehan*, 308 Mass. 321, 325.   The evidence excluded subject to the petitioners' exception was a paper that the petitioner Maurice B. Lynch testified "was a true copy of the assessors' records of the city of Boston copied by him from the records of the assessments of taxes on the property for the years set out therein," 1932 to 1940, inclusive.   This evidence was rightly excluded.   It was not material to any issue before the court.   Apparently it was offered for the purpose of showing, by comparison of the assessed values shown thereby with evidence of the fair cash value of the property that was introduced in evidence, that the property was overassessed.   But this matter was not open upon the petition to foreclose rights of redemption upon which the decree now sought to be vacated was entered.   Nor is it open upon a petition to vacate a decree entered upon such a petition.   The exclusive remedy for overassessment is by

application for abatement. *Central National Bank* v. *Lynn*, 259 Mass. 1, 7, and cases cited. Since this exception must be overruled on this ground, it is unnecessary to discuss other possible grounds for overruling it, although a further ground is indicated by what is hereinafter said.

Even on the assumption that exceptions were duly saved to the rulings of the judge embodied in his decision and to his refusal to rule as requested by the petitioners, no error appears.

The "granting of the petition to vacate the decree rested largely but not entirely in the discretion of the trial judge." *Bucher* v. *Randolph*, 307 Mass. 391, 393. Such petitions "are extraordinary in nature and ought to be granted only after careful consideration and in instances where they are required to accomplish justice." *Russell* v. *Foley*, 278 Mass. 145, 148. It is apparent from the decision of the trial judge that in ruling that the petition should be dismissed he was not so ruling as matter of law but rather was so deciding as matter of discretion. He states in the decision that "it does not seem to me that the ends of justice will be promoted by the reopening of litigation in the tax lien case or that justice requires such a reopening." The conclusion that the decision was made as matter of discretion is borne out by the fact that the judge granted the petitioners' request that the "evidence warrants a decree for the petitioner," interpreting it, as he said, to mean that "the court in its discretion on the evidence might order a decree for the petitioner."

The judge stated in his decision that the "petitioner in the instant case had every opportunity to seasonably raise at the hearing on the matter of redemption and subsequent thereto before decree, when the tax lien case was before the court, had he so desired, any matter which he now attempts to raise." Nothing in the record shows that this conclusion was wrong. The petitioners seek to raise three questions: (a) that the premises upon which the taxes were assessed were grossly overvalued by the assessors, (b) that the several tax bills were not sent out previously to June 15 (see G. L. [Ter. Ed.] c. 59, § 57, as amended), and (c) that

taxes for years subsequent to 1933 were not duly certified. See G. L. (Ter. Ed.) c. 60, § 61, as appearing in St. 1934, c. 48. See also St. 1936, c. 93, § 1. Clearly the first of these questions — though without merit, as already pointed out — was as fully open to the petitioners when the case was before the court prior to the entry of the decree sought to be vacated as after. So, also, was the second question. And the third question differs in this respect only in the fact that a decision relied upon by the petitioners was reached by this court on May 28, 1940. *Boston* v. *Cable*, 306 Mass. 124. But apart from the fact that this question might have been raised by the petitioners before it was decided in the *Cable* case, the decision in that case was rendered over three months before the decree sought to be vacated was entered, and there is nothing in the record to show that this question could not have been raised during this interval. Indeed, no adequate reason is shown by the record why all the questions now relied on by the petitioners could not have been raised in the proceedings in the case before the entry of the decree sought to be vacated. See *Beserosky* v. *Mason*, 269 Mass. 325, 328. The case, therefore, falls within the principle that ordinarily, at least, a petition to vacate a judgment will not be granted on grounds that could have been raised at the trial of the original case. *Beserosky* v. *Mason*, 269 Mass. 325, 328. *Peterson* v. *Hopson*, 306 Mass. 597, 600. Whether it would have been error to grant the petition need not be determined. See, however, *Ryan* v. *Hickey*, 240 Mass. 46. At any rate it was not an improper exercise of discretion to dismiss it.

Several requests by the petitioners for rulings were denied, but the judge stated that they were denied "because they are immaterial, unnecessary, inapplicable, or contrary to facts found" by him. Manifestly, for reasons already stated, the request that on "the evidence there should be a decree for the petitioner" could not rightly have been granted in any event. By the other requests the petitioners sought to raise questions of law that should have been raised in the earlier proceedings. The petitioners were not entitled to rulings upon these questions. *Beserosky* v. *Mason*,

269 Mass. 325, 328.  Some of these requests, however, are so framed as to present the question whether matters relied on by the petitioners that could have been raised in the earlier proceedings would warrant a decree for the petitioners in this case.  But it is unnecessary to examine the requests in this aspect for, since the petition was dismissed as matter of discretion, it is immaterial whether a decree granting the petition would have been warranted as matter of law, and it was not error for the judge to deny these requests on this ground.  The judge did not dismiss the petition as matter of law.

*Exceptions overruled.*