CEDRIC L. HASKELL *vs.* ALICE MARY DRISCOLL, individually and as executrix. May 31, 1963. Decree affirmed. Double costs of this appeal are to be paid to the respondent by the petitioner. The petitioner appealed from a decree of the Probate Court dismissing a petition in equity to establish an alleged oral trust for the benefit of the petitioner in certain property received from his father's estate by the testatrix, the petitioner's stepmother. There was a voluntary report of material facts. The evidence is reported. The probate judge found that the testatrix "at no time agreed that she would 'will' to . . . [the] petitioner any estate that she may have received from the [petitioner's] father . . . or that she would hold it in trust for him." There was only vague and unimpressive evidence of any declaration of trust by the testatrix. The probate judge was not required to believe this testimony, particularly in the light of evidence about the bitter relations between the petitioner and the testatrix. The probate judge's findings and conclusion were not shown to be unjustified or plainly wrong. This was a frivolous appeal.

*Edward M. Viola* for the petitioner.
*Stephen A. Murphy* for the respondent.

FLORENCE T. DEVENEY *vs.* CITY OF BOSTON. May 31, 1963. Decree affirmed. Florence T. Deveney was the owner of three parcels of land in which the city of Boston took tax titles in 1951. In 1954 the city filed a petition in the Land Court to bar her rights of redemption. G. L. c. 60, § 65 (as amended through St. 1938, c. 305). Florence T. Deveney, although receiving notice by registered mail, filed neither appearance nor answer. On May 24, 1957, a motion for general default was allowed. On December 8, 1960, a decree was entered barring all rights of redemption. G. L. c. 60, § 69 (as amended through St. 1945, c. 226, § 1). On October 18, 1961, the petitioner filed this petition to vacate the decree. G. L. c. 60, § 69A, inserted by St. 1945, c. 226, § 2. On October 11, 1962, a judge of the Land Court dismissed the petition. The petitioner appealed. G. L. (Ter. Ed.) c. 185, § 15; c. 60, § 72. The judge found that the petitioner had every opportunity to file an answer "in the tax lien case" and to raise any competent matter, and that the ends of justice would not be promoted by reopening the case. No error appears. *Bucher* v. *Randolph,* 307 Mass. 391, 393. *Lynch* v. *Boston,* 313 Mass. 478, 480. Although we do not reach the question, we feel constrained to state that the city is in error in its assertion that a "matter" was overlooked in *West* v. *Selectmen of Yarmouth,* 345 Mass. 547, 551.

*James F. Sullivan* for the petitioner.
*Mario Misci,* Assistant Corporation Counsel, for the respondent.

HERBERT LORD *vs.* WINCHESTER STAR, INC. & others. May 31, 1963. Order sustaining demurrer affirmed. The demurrer to this petition for a writ of mandamus was rightly sustained. The petitioner shows no right to require the respondents, respectively the owner, publisher, and editor of a newspaper, to publish the letters to the editor referred to in the petition.

*Herbert Lord,* pro se.
*Palmer B. Worthen* for the respondents.