Burnes, J.
This action[6] arises from a dispute as to the ownership and right of possession of a condominium unit known and numbered as 335 Beacon Street, Unit 6, Boston, Massachusetts (“Unit”).[7] On June 2, 1999, this Court entered a default judgment against defendants, Alan B. Santamaria (“Santamaria”) and Ronald Brown, trustee of the Beacon Six Realty Trust (“Trust”). Pursuant to Mass.R.Civ.P. 60(b)(1), 60(b)(6) and 54(b), Santamaria and the Trust now move for relief from judgment. Plaintiffs, Joseph F. Perroncello (“Perroncello”) and AAA Corporate Rentals Ltd. (“AAA”), oppose the defendants’ motion and cross-move for sanctions, costs, and attorney fees.
For the reasons stated below the defendants’ motion is ALLOWED and the plaintiffs’ motion is DENIED.

BACKGROUND

Prior to April 15, 1987, Perroncello owned the Unit. The facts, as appears from the parties’ papers are as follows: The various real estate documents indicate that Perroncello conveyed the Unit on April 15, 1987 to Santamaria for the sum of $179,000.00 and that Santamaria held title exclusively and continuously, in fee simple absolute. On August 28, 1998, Santamaria conveyed the Unit to the Trust for Santamaria’s benefit.
After the transfer from Perroncello to Santamaria, Santamaria engaged the services of Perroncello to locate tenants and to assist in the leasing and management of the Unit. Santamaria compensated Per-roncello and AAA for such services. In early 1998, Santamaria sought to terminate any and all agreements with AAA and Perroncello relating to the leasing of the Unit and requested the return of the keys to the Unit. AAA and Perroncello refused, claiming that Per-roncello had a fifty percent (50%) ownership interest in the Unit.
On August 27, 1998, Santamaria again requested that AAA and Perroncello surrender possession of the Unit. Additionally, Santamaria requested that AAA and Perroncello furnish him with an accounting of their business involving the Unit, including an accounting of the receipt of all income and the payment of all expenses, condominium fees, real estate taxes and utilities. AAA and Perroncello refused to comply with Santamaria’s requests.
Perroncello claims to have an ownership interest in the Unit. He asserts that this interest was created at the time he originally conveyed the Unit to Santamaria on April 15, 1987. There is no written contract evidencing Perroncello’s ownership interest. Santamaria maintains that there has never been any agreement, oral or written, that created an ownership interest for Perroncello. Since acquiring title to the Unit, Santama-ria retained all responsibility for making payments for the mortgage, real estate taxes, condominium fees and maintenance expenses.
In August 1998, Santamaria retained Attorney Scott R. Stevenson (“Stevenson”), a partner at Stevenson & Lynch, P.C., to represent him in connection with the dispute with Perroncello and AAA. The Trust also retained Stevenson as well. On August 28, 1998, after efforts to resolve the parties’ disputes concerning the Unit failed, Stevenson filed the Plymouth Action seeking, inter alia, a judicial determination as to the parties’ ownership interests in the Unit. On the same day, Perroncello filed Suffolk Action No. 1 and AAA filed Suffolk Action No. 2.
According to Stevenson’s affidavit filed in support of defendant’s motion for relief from judgment, Stevenson had several serious personal problems which affected his ability to practice law. Stevenson maintains that these problems began in the fall of 1998. In November 1998, Stevenson had his third heart attack in fourteen months. This event left Stevenson depressed and anxious. Early the next year, Stevenson’s depression was further compounded when a member of his immediate family passed away and a member of his wife’s immediate family passed away.
Stevenson alleges that his failure to file an Answer or other responsive pleadings in both of the Suffolk Actions resulted from his poor physical and mental health.[8] The failure to file an answer resulted in the entry of a default judgment against Santamaria. Santamaria and the Trust allege that they were not aware of Stevenson’s failure to file.
On May 12, 1999, all parties appeared before this Court for an assessment of damages hearing. According to affidavits filed in support of the motion for relief from judgment, this was the first time that Santamaria and the Trust became aware of Stevenson’s omissions. At the hearing, this Court inquired into Stevenson’s failure to file an Answer. At that time, it appeared to the Court that Stevenson had in his possession an Answer to the Suffolk County Actions or responses to some requested discovery. When the Court asked Stevenson if he wished to file the Answer or responses, Stevenson refused. As a result, this Court acted upon the motion for assessment of damages.
The Court assessed treble damages of $12,600.00 with interest in satisfaction of the claim. It dissolved the partnership between Perroncello and Santamaria for joint ownership of the property. Additionally, the Court assessed attorney fees in favor of AAA in the sum of $5,340.00 and in favor of Perroncello in the sum of $6,400.00, plus $557.00 in costs.
Upon discovery of Stevenson’s neglect, Santamaria and the Trust terminated their attorney/client relationship with Stevenson. Santamaria and the Trust thereafter retained Bernkopf, Goodman, Baseman, LLP, to represent them.
*177 On June 2, 1999, Santamaría and the Trust filed a Motion to Set Aside the Default and to Enlarge the Time for Response.[9] The Court denied this motion on June 14, 1999. On this same day, Santamaría and the Trust filed a Motion for Reconsideration. On June 24, 1999, Santamaría and the Trust filed their Notice of Appeal. Subsequently on August 13, 1999, Perroncello and AAA filed a Complaint for Contempt.
On August 18, 1999, Santamaría and the Trust filed the motion presently before this Court, namely, the Emergency Motion for Relief from Judgment as well as an Emergency Motion to Stay the Permanent Injunction and the Contempt proceedings. Perroncello and AAA subsequently filed an Emergency Motion for Clarification and Reconsideration on September 9, 1999. Finally, Perroncello and AAA filed a Cross-Motion for Sanctions, Costs and Attorney fees. On September 27, 1999, Santamaría and the Trust filed a Response and Opposition to Plaintiffs Cross-Motion.
Presently before the Court are: (1) Santamaría and the Trust’s Emergency Motion for Relief from Judgment, and (2) Perroncello and AAA’s Cross-Motion for Sanctions, Costs and Attorney Fees.

DISCUSSION

I. Relief from Judgment
Mass.R.Civ.P. 60(b)(1) provides that “(o)n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect.” The allowance or denial of a Rule 60(b)(1) motion is addressed to the sound discretion of the judge. Bird v. Ross, 393 Mass. 789, 791 (1985); Berube v. McKesson Wine & Spirits Co., 7 Mass.App.Ct. 426, 429 (1979). “However, relief is granted under this section only if the party seeking relief demonstrates that the mistake, inadvertence, or neglect was excusable and ‘was not due to his own carelessness,’ Reporters’ Notes, J.W. Smith & H.B. Zobel, Rules Practice 462 (1977).” Murphy v. Adm’r of the Div. of Personnel Admin., 377 Mass. 217, 288 (1979). “It would not be the exercise of sound judicial discretion to vacate a judgment merely to relieve a party from the consequence of intelligent or intentional carelessness or laxity . . .” Russell v. Foley, 278 Mass. 145, 148 (1932). The court should grant motions for relief from default judgments after consideration of the following factors: (1) whether the offending party acted promptly after entry of judgment; (2) whether the underlying claim has merit; (3) whether the neglectful conduct occurs before trial; (4) whether offending party’s counsel consciously chose to do the negligent conduct; (5) whether the other party has been prejudiced; and (6) whether the neglectful conduct is chargeable to the offending party’s counsel or to the party himself. Berube, 7 Mass.App.Ct. at 430-31.
In the present case, defendants responded promptly after the entry of the default judgment. Upon viewing Stevenson’s conduct before this Court on May 12, 1999, defendants terminated their attorney-client relationship with Stevenson, hired the firm of Bernkopf, Goodman & Baseman, and filed a motion for reconsideration, all within a two-week period.
In addition, defendants’ underlying claim appears to have merit. AAA and Perroncello have asserted a claim of ownership to the Unit based upon an alleged oral contract. The Massachusetts Statute of Frauds provides that “(n]o act shall be brought . . . [u]pon a contract for sale of lands [or any interest therein] . . . [u]nless the promise, contract or agreement upon which such action is brought... is in writing signed by the party to be charged.” G.L.c. 239, §1. AAA and Perroncello admit that there is no contract for sale or deed for the Unit conveying the Unit to Perroncello or AAA. Accordingly, defendants have shown that they could prevail on the merits.
Moreover, the neglectful conduct of defendants’ attorney occurred before trial. This Court entered a default judgment before Stevenson filed an Answer to the Complaint. There is evidence that Stevenson did not consciously choose to engage in the neglectful conduct. This Court finds that there is evidence that Stevenson suffered from poor physical and mental health, thus possibly causing Stevenson to neglect his professional responsibilities. Suffering a heart attack and becoming depressed are extraordinary circumstances which could excuse Stevenson’s neglect.
Finally, there is little evidence that AAA and Per-roncello will be prejudiced by the removal of the judgment. The judgment entered at the very beginning of the litigation, and AAA and Perroncello are in a similar position now as they were when their Complaint was filed, except that they have incurred substantial attorneys fees that they would not have incurred absent Stevenson’s conduct. Furthermore, the neglectful conduct is wholly chargeable to defendants’s attorney. The defendants did not have knowledge of Stevenson’s negligent behavior until the May 12, 1999 hearing. Accordingly, this Court is reluctant to attribute the errors of Stevenson to the defendants, especially in light of the extraordinary circumstances that may have caused the attorney’s omission.
II. Attorneys Fees
AAA and Perroncello argue that if the Court allows defendants’ motion for relief from judgment, the Court should award costs, sanctions, and attorneys fees to AAA and Perroncello. As a general rule, a litigant must bear his own expenses except in so far as (1) a statute permits awards of costs, (2) a valid contract or stipulation provides for costs, or (3) rules concerning damages permit recovery or costs. Fuss v. Fuss, 372 Mass. 64, 70 (1977). There is no statute, contract, or rule which permits AAA and Perroncello to recover costs, fees, or sanctions in this situation. While the court has sympathy for the plight of Perroncello and AAA, and *178 their attorneys, who have consistently conducted themselves courteously and professionally in the face of what appeared to be inexplicable conduct, the Court has no authority to grant their motion for costs, attorneys fee, or sanctions in this situation.

ORDER

For the foregoing reasons it is hereby ORDERED that the defendants’ motion for relief from judgment be ALLOWED and that plaintiffs’ cross-motion for costs, attorneys fees, and sanctions be DENIED.

This suit is a consolidation of three separate actions: Perroncello v. Santamaria, Suffolk Superior Court, Civil Action No. 98-4397 (“Suffolk Action No. 1"); AAA Corporate Rentals, Ltd. v. Santamaria, Suffolk Superior Court, Civil Action No. 98-4408 (Suffolk Action No.2); and Santamaria v. Perroncello, Plymouth Superior Court, Civil Action No. 98-1162 (“Plymouth Action"). On September 2, 1998, the Plymouth Action was consolidated with Suffolk Action No. 1 and No. 2 by order of the Court (Chin, J.). On September 9, 1998, Suffolk Action No. 1 and Suffolk Action No. 2 were consolidated by order of the Court (Garsh, J.).

Ronald Brown, trustee of the Beacon Six Realty Trust (“Trust”) held title to the Unit. Santamaría conveyed the Unit to the Trust on August 28, 1998.

Stevenson had several months to file an Answer or other responsive pleading prior to his heart attack in November of 1998. AAA and Perroncello submit that they gave Stevenson multiple extensions to file an Answer. They further allege that after Stevenson accepted their offer to extend the time for the filing of an Answer, Stevenson failed to file an answer. On February 4, 1999, AAA and Perroncello filed a motion for the entry of final judgment of default and the Court scheduled a hearing. AAA and Perroncello maintain that they agreed to a continuance of this hearing so that Stevenson could file an Answer. Again, he failed to do so.

Santamaria and the Trust assert that they filed this motion on May 28, 1999 and that the Superior Court Civil Clerk’s Office failed to docket the motion until June 2, 1999. Santamaría and the Trust argue that, but for the clerk's error, the motion would have been docketed before the Court’s order on the assessment of damages.