Agnes, A.J.
1. Introduction
This is a civil rights action against the City of Worcester and members of its police department. The plaintiff, Kevin H. Jaroszuk, alleges that members of the City of Worcester police department committed an assault and battery on him and violated his civil rights under federal and state law during the booking process on March 19-20, 1999 by using excessive force against him and by acting with deliberate indifference to his medical needs. There are two motions before the court(l) the individual defendants have filed a motion under Mass.R.Civ.P. 60(b)(1) to vacate a judgment entered against them on liability only on December 16, 2004, and (2) the defendant city has filed a motion to limit or stay the deposition of Captain John Harrington.
2. Rule 60(b)(1) Motion to Vacate Judgment: Procedural Background
The essential facts are not in dispute. On June 11, 2004, the plaintiff served the City of Worcester law department with requests for written discovery from the individual defendants consisting of written interrogatories and requests for the production of documents . The plaintiff served deposition subpoenas on a number of police officer witnesses the following week. On September 22, 2004, the plaintiff made a final request of the individual defendants for answers to interrogatories. See Mass.R.Civ.P. 33(a). In his letter, counsel for the plaintiff advised the city’s law department that a motion for final judgment may be filed. The plaintiff received no response. On September 23, October 14 and October 27, 2004, counsel for the plaintiff sought to obtain a mutually convenient date from the City of Worcester law department for the taking of depositions of about 13 police officer witnesses who had previously been noticed for depositions. The plaintiff offered the defendants numerous convenient dates from which to choose. Counsel for the plaintiff included office telephone numbers, cell *14 phone numbers and email addresses to facilitate a prompt response from the defendants. In his letter of October 27, 2004, counsel for the plaintiff repeated his earlier request for responses to the written discovery demands and other materials. The plaintiff received no response from the City of Worcester. By letter dated December 6, 2004, counsel for the plaintiff acknowledged that he understood that there was a sickness on the part of a family member of the city attorney handling this case, but indicated that if there was no response with regard to the outstanding discovery requests a default judgment would be sought. An application for final judgment was filed by the plaintiff on December 15,2004. See Mass.R.Civ.P. 33(a)(4). The application contained an affidavit by counsel for the plaintiff pointing out the failure by the defendants to respond to the requests for written discovery, along with a copy of the pertinent correspondence. On December 16, 2004, judgment on liability only entered against defendants M. Lamothe, D. Mita, C. Gray, K. Johanson, and W. Lamothe.
3.
In response to the factual background set forth in paragraph (2) above, the defendants point out that the final judgment entered on December 16, 2004, was mailed out to them on January 6, 2005 and received by them on January 10, 2005. Meanwhile, the defendants provided the plaintiff with answers to interrogatories on January 18, 2005, approximately seven months after they were initially sought by the plaintiff. In his affidavit in support of his Rule 60(b)(1) motion, the Assistant City Solicitor acknowledges that he has been attorney of record for the individual defendants since the commencement of the action. The city’s submission does not dispute the essential facts described above. It maintains, however, that the failure to respond to the plaintiffs discovery requests “stems from excusable neglect.” Affidavit of Assistant City Solicitor Rider, para. 3 (Rider Aff.). He points to two causes. First, he maintains that due to budget cuts within the past several years, the City of Worcester law department was reduced to one full-time attorney. Only in January 2005 did funding become available to hire a second attorney. As a result, he explains that his caseload was 90-100 cases since March 2003 and that many of them were complex in nature. He adds that “(s]ince the reduction in budgetary funding was a realily over which I had no control, I respectfully submit that my inability to timely serve Defendants’ answers to Plaintiffs interrogatories was excusable insofar as it was due to that reduction.” Rider Aff., para 3. The second contributing cause assigned by the City Solicitor was a family illness. “I missed several days of work in early December 2004 due to a recurrent sickness experienced by the four-year old daughter. This time spent at home detracted from my efforts at work, and was a factor in my being unable to timely serve Defendants’ answers to Plaintiffs interrogatories.” Rider Aff., para. 4. The Assistant City Solicitor adds that his office communicated his absence to plaintiffs counsel based on the reference to it in a letter by plaintiffs counsel dated December 8, 2004, and that it was his intention to get the discovery completed by early December. Rider Aff., para. 4.
4.
Additionally, the defendants suggest that it is appropriate to vacate the judgment in this case because not only was there excusable neglect, but this is a case in which there is a meritorious defense. Specifically, the Assistant City Solicitor maintains that there is evidence that medical assistance was sought promptly as soon as it appeared the plaintiff was injured, and that plaintiff gave conflicting accounts of how he suffered his injuries, first telling hospital personnel he had fallen and only later assigning blame to the police. Rider Aff., para. 5-6. Finally, the defendants maintain that if their motion to vacate the judgment is allowed, the plaintiff will not suffer any prejudice. Rider Aff., para. 7.
5.
The plaintiff offers a radically different assessment of the facts. He maintains he requested protective custody of the Worcester Police and that he was uninjured at the time he was taken into custody. He maintains that the videotape of his custody confirms this. He further states that the videotape shows that he was forcibly removed by the police from a holding cell and slammed against a wall by police officers. Thereafter he states he was thrown against a metal toilet fixture by police officers (an incident not depicted on the videotape). About fifteen minutes later, plaintiff states that the videotape resumes in which he appears to be suffering from visible and serious injuries. One of the officers states an ambulance will be called and an ambulance does arrive about 7 minutes later. According to the plaintiff, he informed a paramedic at the scene that he would only disclose what had occurred to him after he was taken to the hospital. Plaintiffs Opposition at 5-6. In addition, the plaintiff alleges that he was transported in custody to the hospital Emergency Room, but discharged and returned to the police station at 3:25 a.m. He maintains his condition deteriorated while at the police station, but that his needs were disregarded by police officers. He was transported back to the hospital by ambulance at 11:40 a.m. later that day and found by medical personnel to be in critical condition having suffered rib fractures and a collapsed lung. He remained hospitalized for three weeks. Plaintiffs Opposition at 5-6. Plaintiff also maintains that he received outpatient medical care thereafter. His medical bills are in excess of $22,000.
5. Rule 60(b)(1) Motion to Vacate Judgment: Applicable Legal Principles
The legal standard governing cases such as this is well established.
*15 “On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect.” The allowance or denial of a Rule 60(b)(1) motion is addressed to the sound discretion of the judge. Bird v. Ross, 393 Mass. 789, 791 (1985); Berube v. McKesson Wine & Spirits Co., 7 Mass.App.Ct. 426, 429 (1979). “However, relief is granted under this section only if the party seeking relief demonstrates that the mistake, inadvertence, or neglect was excusable and ‘was not due to his own carelessness,’ Reporters’ Notes, J.W. Smith & H.B. Zobel, Rules Practice 462 (1977).” Murphy v. Adm’r of the Div. of Personnel Admin., 377 Mass. 217, 288 (1979). “It would not be the exercise of sound judicial discretion to vacate a judgment merely to relieve a party from the consequence of intelligent or intentional carelessness or laxity . . .” Russell v. Foley, 278 Mass. 145, 148 (1932). The court should grant motions for relief from default judgments after consideration of the following factors: (1) whether the offending party acted promptly after entry of judgment; (2) whether the underlying claim has merit; (3) whether the neglectful conduct occurs before trial; (4) whether offending party’s counsel consciously chose to do the negligent conduct; (5) whether the other party has been prejudiced; and (6) whether the neglectful conduct is chargeable to the offending party’s counsel or to the party himself. Berube, 7 Mass.App.Ct. at 430-31."
Perroncello v. Santamaria, Suffolk Superior Court, No. 98-4397 (Dec. 29, 1999) (Burnes, J.) (11 Mass. L. Rptr. 175). “Excusable neglect, at least in theory, is something other than ‘oops, I forgot.’ It is meant to apply to circumstances that are unique or extraordinary, not any ‘garden-variety oversight.’ ” Tai v. City of Boston, 45 Mass.App.Ct. 220, 222 (1998). See also Goldstein v. Barron, 382 Mass. 181, 186 (1980) (relief is not justified for any kind of garden variety oversight). The party seeking relief bears the burden of justifying failure to avoid the mistake or inadvertence. Id. at 223. “Excusable neglect requires more than a demonstration of simple good faith.” Brunelle v. Blais, 18 Mass. L. Rptr. 556, 559, Worcester Superior Court 2004-0920 (2004) (Agnes, J.) (in the context of a motion to dismiss under Mass.R.Civ.P. 4(j) and 6(b)). “(T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party’s omission.” Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993).
6. Rule 60(b)(1) Motion to Vacate Judgment: Analysis
The plaintiff urges the court to deny the motion because the procedural history of this case indicates egregious conduct on the part of the City of Worcester law department, not simply neglect. Certainly, if the failure to provide discovery in a timely manner was attributable to the illness suffered by a member of the Assistant City Solicitor’s family, the neglect would fall within the realm of the excusable. But while family illness may have been a factor, the delay in this case is not explained by that factor. The lack of adequate resources is part of the day-to-day reality that government officials and employees face. At times, as the Assistant City Solicitor maintains occurred in this case, the lack of resources may reach critical proportions. That condition, however, is not an excuse for disregarding legal obligations such as the duty to provide discovery in a timely manner. See Tai v. City of Boston, 45 Mass.App.Ct. 220 (1998). The responsible course of action in such a case is to file a motion under Mass.R.Civ.P. 26(b) for a protective order or to otherwise seek relief from the court while additional resources are sought from the city or the Commonwealth. The failure on the part of the City of Worcester law department to even telephone the plaintiffs attorneys in reply to the plaintiffs numerous letters was unprofessional, and caused the plaintiff to needlessly expend resources.
7.
Ultimately, a decision on a motion such as this under Mass.R.Civ.P. 60(b)(1) must be answered by reference to the factors outlined in Berube v. McKesson Wine & Spirits Co., 7 Mass.App.Ct. 426, 429 (1979). Here, the defendants acted promptly after the default to complete their discovery and to file the Rule 60(b)(1) motion. As to the merits, it is sufficient to state that the defendants maintain that the plaintiff was not assaulted by the police and that the police were not indifferent to his medical needs. At this stage, I cannot say that the defense is without merit. Here, the neglect occurred before trial. While the conduct of the City of Worcester law department in not responding to numerous letters from plaintiffs attorneys was unprofessional and not in keeping with the spirit of the rules of civil procedure and standards of good practice, there is no evidence that the Assistant City Solicitor acted purposely to harm the plaintiffs case. It does not appear that the plaintiff has suffered any specific prejudice as a result of the delay. Finally, and most significantly in my estimation, this does not appear to be a case in which the neglect of the Assistant City-Solicitor is chargeable or should be assigned to the individual officers. Trial judges should give weight to the strong preference “ [f]or seeing serious and substantive cases dealt with on the merits with representation of all parties by counsel rather than by default.” Scannell v. Ed. Ferreirinha & Irmao LDA, 23 Mass.App.Ct. 465, 471 (1987). See also Monahan v. Washburn, 400 Mass. 126, 128-29 (1987). This is a close case in which a reasonable exercise of discretion could result in the Rule 60(b)(1) motion being allowed or denied.
*16 8.
Upon a consideration of the entire case, I choose to exercise my discretion by allowing the motion, conditionally, as explained below, in order to permit the individual defendants, who are not implicated on the record before me in the neglect by the city law department, to have their day in court on the issue of liability as well as damages.
ORDER
For the above reasons, the motion for relief from judgment filed by the defendant Ciiy of Worcester is ALLOWED subject to the following condition. In order for the default to be removed, the Ciiy of Worcester is required to pay to the plaintiff the costs, including attorneys fees, that were incurred by the plaintiff since June 2004 relating to the discovery that was not provided until January 2005. See Mass.R.Civ.P. 60(b)(1) (“On motion and upon such terms as are just . . .”) (emphasis added).[2]
Counsel for the plaintiff is invited to file a motion, along with supporting affidavits, documenting any applicable costs and attorneys fees incurred as a result of the neglect of the City of Worcester law department in this case. The motion may be filed within 10 days of the date of this decision. The defendant Ciiy of Worcester may respond to the plaintiffs motion within seventeen days of the date of this decision. The court reserves the right to decide the matter on the papers. The court further orders that once a determination is made as to the costs and attorneys fees, if any, that are awarded to the plaintiff, the defendant City of Worcester will be required to pay the award to the plaintiff as a condition for the removal of the default. If the City of Worcester fails to make any payment that this court determines is due under this order within 30 days following the entiy of such an order for payment, the default judgment as to liability only shall remain outstanding, and the plaintiff may file a motion for an assessment of damages.

his court is mindful that attorneys fees generally may not be awarded as an element of damages under the so-called American rule. See Pearson v. Board of Health of Chicopee, 402 Mass. 797, 800 (1988). However, this court has discretion, when applying equitable principles to determine a motion under Mass.R.Civ.P. 60(b)(1), to award attorneys fees as a condition of relieving a party of the consequences of neglect. Attorneys fees have been awarded in comparable cases under the provisions of Fed.R.Civ.P. 60(b). See, e.g., Richardson v. Nassau County, 184 F.R.D. 497, 503 (E.D.N.Y. 1999). See generally 10A C.A. Wright, A.R. Miller, & M.K. Kane, Federal Practice and Procedure §2700 (West Group 1998).