Don Perry, the apparent successor in interest to the named defendant, appeals from an order of the Land Court denying his motion to vacate a judgment barring the right of redemption over a tax taking on a property.[3] We affirm.
Background. In 1979, the town of Hull (town) assessed a tax taking for unpaid real estate taxes on a property, and recorded that taking at the Plymouth County registry of deeds. In 2001, Terrance Hughes,[4] the trustee of the Hughes Realty Trust, acquired the property and recorded the deed. In 2012, the town filed a complaint in the Land Court against Hughes to foreclose the tax lien. A court-appointed title examiner filed a report in the case, identifying Hughes as the interested party entitled to notice. In 2014, Hughes was served with a court-issued citation indicating that a complaint had been filed and instructing Hughes of the opportunity to file a written appearance and an answer with the court. In 2015, Hughes filed an answer and claimed the right to redeem the tax taking. The town later filed a motion requesting that the court enter a finding allowing redemption, and the court entered a finding allowing Hughes to redeem the taking on or before September 3, 2015, by paying the town the sum of $107,792.87, with interest plus court costs and legal fees. Hughes failed to pay the amount and, on September 8, 2015, the town filed a motion requesting a final judgment. A final judgment barring all rights of redemption entered on November 2, 2015.
On October 17, 2016, Perry, asserting that he owned the property, filed a motion to vacate the final judgment in the Land Court. That motion was denied, and Perry appealed.
Discussion. Petitions to vacate judgments of foreclosure " 'are extraordinary in nature and ought to be granted only after careful consideration and in instances where they are required to accomplish justice.' Lynch v. Boston, 313 Mass. 478, 480 (1943).... Allowance of a petition rests 'largely but not entirely in the discretion of the [Land Court].' Lynch v. Boston, supra, quoting from Bucher v. Randolph, 307 Mass. 391, 393 (1940). Consequently we review the denial of the petition for abuse of discretion and error of law." Worchester v. AME Realty Corp., 77 Mass. App. Ct. 64, 67 (2010).
The Land Court docket entry denying the Perry's motion states that:
"Perry has not demonstrated a willingness or ability to pay the tax indebtedness. The court will not exercise its discretion to Vacate Judgment without full payment as Don Perry or his predecessors have not availed themselves of reducing the amount of indebtedness through the abatement process."
Perry challenges this ruling on two grounds. First, Perry argues that the Land Court erred in denying the motion because the town improperly declared the property unbuildable while assessing it at a higher value, resulting in an unconstitutional taking of the defendant's property. Second, Perry argues that the judgment should have been vacated while litigation in another suit concerning the same property is ongoing. However, when Hughes responded to the town's complaint, he sought only the right to redeem the tax taking and did not challenge the validity of the taking itself. "If a person claiming an interest desires to raise any question concerning the validity of such a title, he shall do so by answer filed in the proceeding on or before the return day, or within such further time as may on motion be allowed by the court, or else be forever barred from contesting or raising the question in any other proceeding." G. L. c. 60, § 70, as appearing in St. 1935, § 5. Perry's claims regarding the validity of the title were therefore waived.
Furthermore, Perry seeks a remedy that must be sought through an application for abatement. See Lynch v. Boston, supra at 479-480 ("The exclusive remedy for overassessment is by application for abatement"). We therefore conclude that there was no abuse of discretion in denying the motion to vacate the judgment, where neither Perry nor his predecessors first sought relief through the abatement process.[5]
Order denying motion to vacate affirmed.

As an initial matter, the town contends that Perry did not have standing to bring a motion to vacate the judgment because he did not allege or prove he was a party having a legal interest in the property. The Land Court did not address the issue, and we assume without deciding that Perry did have standing to make the motion and to appeal.

After the formation of the trust and the conveyance of the property to the trust, trustee Terrance Hughes changed his surname to Surles. We refer to him as Hughes only for continuity and clarity.

To the extent that we do not address the appellant's other contentions, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).