GLOUCESTER MUTUAL FISHING INSURANCE COMPANY *vs.* AUGUSTUS G. HALL.

Essex. November 9, 1911. — November 29, 1911.

Present : RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Practice, Civil,* New trial. *Rules of Court. Notice. Words, "*Delivery."

Rule 41 of the Superior Court, in regard to motions for a new trial in a civil action, does not apply to all motions for a new trial but only to motions for the causes mentioned in the rule, and, where on an exception to an order granting a new trial the bill of exceptions does not show on what ground the new trial was granted, the exception cannot be sustained on the ground that the notice of the motion for the new trial was not given in accordance with the requirement of Rule 41, because the new trial may have been granted by reason of an "accident, mistake or misfortune in the conduct of the trial," in which case the provisions of the rule have no application.

The requirement of Rule 41 of the Superior Court that, unless the court allows further time, the counsel of the party filing a motion for a new trial shall "cause a copy of the motion to be delivered to the adverse counsel on the day the same is filed," is complied with by depositing such notice in the mail on the day of the filing of the motion in accordance with the provisions of Rule 27 for serving a notice required by the rules.

CONTRACT for $347.95. Writ dated January 16, 1909.

At the trial in the Superior Court before *King,* J., the jury returned a verdict for the defendant. The plaintiff filed a motion for a new trial assigning five reasons for setting aside the verdict. At the hearing of the motion for a new trial the defendant asked the judge to rule that the court had no juris-

diction to hear the motion because of the plaintiff's failure to deliver a copy of the motion to the defendant or his counsel on the day the same was filed, and that, Rule 41 of the Superior Court not having been complied with, the motion should be dismissed. The facts in regard to the giving of notice are stated in the opinion. The judge refused to make the ruling requested by the defendant, granted the motion and ordered a new trial. The defendant alleged exceptions.

The material portions of Rule 41 and Rule 27 of the Superior Court are quoted in the opinion.

*J. Cavanagh,* for the defendant.

*F. H. Tarr,* for the plaintiff.

RUGG, C. J. A verdict was rendered in this case on May 31, 1910. The plaintiff filed a motion for a new trial on the following day, and deposited in the post office at Gloucester a copy of the motion with a notice stating that it had been filed that day, postage prepaid, and properly addressed to the defendant's counsel at his office in Boston, where it was delivered on the morning of June 2, two days after the return of the verdict. The question is whether this gave the Superior Court jurisdiction to pass upon the merits of the motion under Rule 41 of the rules of that court, whose material language is as follows: "No motion for a new trial shall be sustained . . . either on account of any opinions or decisions of the judge, given in the course of the trial, or because the verdict is alleged to be against evidence or the weight of evidence, unless within three days after the verdict is returned, the counsel of the party complaining . . . shall file a motion for a new trial . . . and cause a copy of the motion to be delivered to the adverse counsel on the day the same is filed or within such further time as the court may allow." No further time was allowed by the court in the present case.

The case could be decided on the narrow ground that as five causes for setting aside the verdict were assigned in the motion, the record does not show upon what grounds the verdict was in fact set aside. The excepting party does not make it appear that he has suffered injury, for the reason that Rule 41 does not apply to all motions for new trial, but only to those therein specified, and the judge may have granted this new trial on other

grounds, such as "accident, mistake, or misfortune in the conduct of the trial." *Ellis* v. *Ginsburg*, 163 Mass. 143, and cases cited at 146.

But the same result is reached upon broader considerations. A fair interpretation of the rules of the Superior Court leads to the conclusion that they were complied with.   Rule 27 provides that "A notice required by, or given in pursuance of, these rules, shall be in writing, shall be served by delivering the same personally to the adverse party, or his attorney, or depositing it in the post office, directed to him, postage prepaid, . . ."   It is to be noted that Rule 41 requires the motion " to be delivered to the adverse counsel," while Rule 27 speaks of "delivering the same personally."   This has some tendency to indicate that "delivered," as used in the latter rule, standing alone, does not mean a physical passing into the hand of the adversary attorney, but may be satisfied by some action which falls short of a handing over to him personally.   " Delivery " is variously defined by lexicographers as meaning : to give, to place in the power or possession of another, to part with to another, to make or hand over, to transfer, to pass to another, to communicate or to make known.   As used in connection with the sale of chattels or transfer of title to property, the word " delivery " has been construed frequently by courts, and there have grown up at least two meanings in this connection, one actual or physical, and the other symbolical or constructive, transfer of property.   It is plain, therefore, that " delivery " does not necessarily import an actual physical tradition of possession from one hand to another. The word is to be interpreted in accordance with the purpose to be accomplished by its use and the signification which would naturally attach to it in the connection in which it is found. As a practical matter, it would be in many instances a denial of the right to file the motion to construe the rule to mean that the copy of the motion must be put in the manual custody of the adverse counsel on the very day on which the original is filed in court.

It is common knowledge that attorneys frequently try cases in shire towns other than that of their residence or place of business, and in view of the limitations imposed by time and distance it would be often impossible to place the copy of the

motion in their hands on the day of its filing.    It might be diffi-
cult also to reach any judge of the Superior Court in order to
ask for an extension of time.    The rule has the effect of a statute,
and should be construed as a statute.    But it should be in-
terpreted as a usable regulation intended to reach reasonable
results.

It is urged that, inasmuch as the words of Rule 41, " or within
such further time as the court may allow," first appear in the
" Rules of the Superior Court," which went into effect on the
first Monday of July, 1906, there is an implication that the pre-
ceding words were intended to mean a physical delivery into the
hand of the opposing attorney on the very day the motion is
filed.    While there is some force in this, the more rational in-
ference is that this language was intended to give the court
power in instances where there might be inconveniences in pre-
paring a copy of the motion, or where other circumstances might
require extension of the time within which it might be sent,
rather than to produce the harsh effects which would flow from
the adoption of the other construction contended for.

We are of opinion that the words, " cause . . . to be deliv-
ered . . . on the day the same is filed " occurring in Rule 41,
mean a delivery on the day on which the motion is filed in such
manner as notices are served ordinarily, and that depositing in
the mail in accordance with the provisions of Rule 27 constitutes
delivery.    Thus interpreted, the rule is feasible, and will pro-
duce reasonable results.    *Blair* v. *Laflin*, 127 Mass. 518.    The
other interpretation would make it a pitfall, and not an in-
strumentality of rendering justice.

*Exceptions overruled.*