## CARRIE A. THORNDIKE, petitioner.

Suffolk. January 6, 9, 1930. — February 5, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Exceptions: allowance and establishment. *Notice.*

A petition filed in this court to establish the truth of exceptions was dismissed where it appeared that a copy thereof, although deposited in the mails on the same day the petition was filed, did not reach the attorney for the adverse party until more than four days thereafter: the petitioner had not complied with Rule 6 of the Rules for the Regulation of Practice before the Full Court (1926) requiring that the petitioner give notice of the petition to the adverse party by delivering a copy thereof to him or his attorney of record before filing the petition.

PETITION, filed in this court on December 26, 1929, to establish the truth of exceptions.

The respondent filed a motion on December 30, 1929, to dismiss the petition. Facts appearing at the hearing upon the motion are stated in the opinion.

*C. A. Thorndike, pro se.*

RUGG, C.J.    This petition to establish the truth of exceptions was filed on December 26, 1929. The respondent, on December 30, 1929, filed a motion to dismiss the petition for failure to give notice and to deliver copy of the petition to the respondent or her attorney as required by Rule 6 of the Rules for the Regulation of Practice before the Full Court (1926). From the affidavit attached to this motion and statements made at the hearing, it appears that on December 26, 1929, the petitioner mailed a letter to the attorney for the respondent addressed to him at 176 Tremont Street, Boston, Massachusetts. His true address appears to have been 276 Tremont Street, Boston, Massachusetts. The letter dated December 26, 1929, stated that there was enclosed a copy of a petition to establish exceptions "which I shall this day file" with the clerk of the court. The envelope containing the letter and copy of petition was postmarked at Boston "Dec 26 1-M 1929." It was not received until after December 30, 1929, the attorney for the respondent having learned that the petition had been filed on December 26, 1929, through oral statement made on the latter date at a hearing in the Superior Court.

It is provided by said Rule 6 that a party seeking to establish the truth of exceptions "shall, before filing his petition, give notice thereof to the adverse party, by delivering a copy thereof to him or his attorney of record." This rule is plain. Before the petition is filed, notice must reach the adverse party or his attorney accompanied by copy of the petition proposed to be filed. There must be exact compliance with the rule because proceedings of this nature are *strictissimi juris*. Failure in any particular requires dismissal of the petition. *Thorndike, petitioner*, 244 Mass. 429, 431. The rule does not specify precisely how the copy and notice must be delivered. If resort is had to the mail, there must be proof that delivery was made to the adverse party or his attorney of record before the petition was filed. *John Henry Co., petitioner*, 222 Mass. 182. *Corey, petitioner*, 253 Mass. 498. There was no such proof in the case at bar. The evidence was all to the con-

trary. The case at bar is quite distinguishable from cases like *Gloucester Mutual Fire Ins. Co.* v. *Hall*, 210 Mass. 332, . in the facts and in the import of the rules involved.

The motion to dismiss was adequate in form and substance.

It is not inappropriate to add that no merit is disclosed on the face of the petition.

*Petition dismissed.*