Jones, P. J.
These are five actions of contract or tort tried together and reported separately. Inasmuch as the motion under consideration and the issues of fact and law are the same in each case it would have been better practice and more economical to have reported one case and continued the other cases to await the result of the case reported, or to have all the cases in a single report.
The cases are here on defendant’s motion to dismiss plaintiff’s claim for a report because the plaintiff failed to comply with Rule XXVIII of the Rules of the District Courts of the Commonwealth of Massachusetts for civil cases, 1932 Ed., which requires that “a copy of such draft report shall be delivered or mailed postpaid by the party requesting the report to the adverse party before the close *16 of the next business day after such filing”. At the hearing in the trial court upon this motion there was evidence tending to show that the court made a finding on the merits of the case for the defendant on December 30, 1935. (This accords with the docket entry.) Notice of this finding was mailed the parties on December 31, 1935; that on January 11, 1936 plaintiff’s draft report was filed with the clerk of said court (this is according to the docket entry in the case;) that a copy of said draft report was deposited on January 14, 1936 at twelve o’clock noon in the U. S. mail box in the building numbered 25 'Central Square, Lynn, Massachusetts, which is a few minutes walk from the main postoffice in Lynn, Massachusetts; that there are a number of collections made daily from said box after twelve o’clock noon; that the envelope in which the said draft report was contained was addressed to the defendant’s attorneys and contained, in addition to the draft report, a letter addressed to the defendant’s attorneys, dated January 14, 1936; that the copy was received by the defendant’s attorneys on the morning of January 17, 1936; that the office of the defendant attorneys to which the envelope was addressed is located at 11 Pemberton Square, Boston, Massachusetts, which is approximately fourteen miles from the main post office in Lynrt;, Massachusetts; there was also evidence tending to show that said draft report was mailed izi Lynn to the clerk of said Court at Woburn on Saturday, January 11,1936, at about four o’clock in the afterzioon. There was evidence from a witness called by the defendant that he is of cozmsel for the defendant; that he received a letter dated January 14, 1936, together with five copies of plaintiff’s draft report, one in each of the entitled cases on the morning of January 17, 1936; this witness produced an envelope which the defendaizt offered in evidence as the envelope in which the letter and the five copies of the plaintiff’s draft *17 reports were contained, and on which the defendant offered to prove was indicated the time at which the same was received at the post office in Lynn, as appeared by the cancellation of the stamps thereon, to wit: — ■ 8:30 P. M. January 16, 1936. Upon objection of the plaintiff the court refused to permit the introduction of the envelope and excluded the same and to the exclusion of said envelope the defendant then and there requested a report.
At the close of the evidence at the hearing of the instant motion the court denied the plaintiff’s motion to dismiss defendant’s claim for a report and the defendant now claims to be aggrieved by the refusal to admit in evidence the said envelope with the post mark thereon and the denial by the court of the defendant’s motion to dismiss.
We think the judge erred in the exclusion of the evidence offered. The rule seems to be that while no presumption arises from the date of a post mark on a letter that it was not put in until the date of the post mark yet it is some evidence that it was forwarded on the date named. Shelburne Falls National Bank v. Townsley, 102 Mass. 177. In England it has been held that the date of a post mark on the letter raises a presumption that the letter was not mailed on the date previous thereto. Stocken v. Collins, (1841) 7 Mees. and #515, 151 Eng. Reprint, 870.
It was held in Day v. McClellan, 236 Mass. 330 that a rule of the Superior Court requiring a notice in writing of the filing of a bill of exceptions to be given to the adverse party is well within the power of that court under R. L. c. 158, §3; c. 173, §106, as amended; and there having been a failure to give such notice within the required time the exceptions were rightfully dismissed. And again in Jordan Marsh Company v. Anna M. Barry, 1936 Mass. Adv. Shts, 1615, 1618, it is held that exceptions not filed within the time prescribed by G. L. (Ter. Ed.) c. 231, §113, were rightly dis *18 missed; and, in the latter case, at page 1619, it is also held that where notice of the filing of the bill of exceptions as required is not given the exceptions were rightly dismissed. By analogy the same rule must apply to the consideration of Rule XXVIII and its required notice of the filing of a report and a delivery of the copy of the draft report to the adverse party before the close of the next business day after such filing. Chertok v. Dix, 222 Mass. 226; Gloucester Mutual Fishing Ins. Co. v. Hall, 210 Mass. 332. Thorndyke Petitioner, 270 Mass. 334.
The rules of the district courts were made and promulgated under power given by G. L. (Ter. Ed.) c. 218, §43. Similar rules of the Municipal Court of the City of Boston have been held within the power of the district courts to make and promulgate. Holton v. American Pastry Products Co., 274 Mass. 271. Such rules have the force of law. Thompson v. Hatch, 3 Pick. 512, and cannot be disregarded. Massachusetts Drug Co. v. Bencks, 256 Mass. 535; Krock v. Consolidated Mines & Power Co., Ltd., 286 Mass. 177; Conway v. Murphy, 287 Mass. 536; Rollins v. Perry, 284 Mass. 488.
There are many analagous cases stating this position, but it is unnecessary to cite them.
As a new trial is to be ordered on the motion, if the foregoing principles are applied by the trial judge he will have no difficulty in coming to the correct conclusion on the facts apparently appearing in this case.
An order will be made reversing the denial of the motion and a new trial will be ordered upon the same.