HARRY SIEGEL & others, petitioners to establish the truth of exceptions. July 10, 1941. Petition dismissed. Ordered that a copy of this rescript be transmitted to the clerk of the Superior Court for the county of Suffolk where the original case of Samuel Weisberg *vs.* Harry Siegel is pending. This is a petition, filed in this court on March 13, 1941, by the defendants in the case of Weisberg *v.* Siegel, to establish the truth of exceptions disallowed in the Superior Court. The procedure is governed by G. L. (Ter. Ed.) c. 231, § 117, and Rule 6 of the Rules for the Regulation of Practice before the Full Court (1926), 252 Mass. 587. The statute and rule must be strictly followed or a petition cannot be considered. *Thorndike, petitioner*, 244 Mass. 429, 431. See also *Bishop, petitioner*, 208 Mass. 405, 406–407; *Bullock, petitioner*, 254 Mass. 14, 15. The rule provides that a petition must be filed in this court "within twenty days after notice of such refusal" to "allow and sign" a bill of exceptions. Facts bringing the petition within this rule must be alleged therein. The petition fails in this respect. The notice referred to in Rule 6 is notice in the Superior Court, and — apart, at least, from actual notice (see *Thorndike, petitioner*, 252 Mass. 154, 155; *Home Owners' Loan Corp.* v. *Sweeney, ante*, 26, 30) — is notice in conformity with the rule of that court. Rule 74 of the Superior Court (1932) requires notice by the clerk to the parties of the disallowance of a bill of exceptions. In the absence of an allegation in the petition to the contrary it must be assumed that the clerk performed his duty in this respect. *Flynn, petitioner*, 265 Mass. 310, 314. This duty could have been performed by mailing a notice in conformity with Rule 3 of that court. Such a notice is deemed to have been given when mailed. *Checkoway* v. *Cashman Brothers Co.* 305 Mass. 470, 471. *Lincoln Electric Co.* v. *Sovrensky*, 305 Mass. 476, 477. See also *Gloucester Mutual Fishing Ins. Co.* v. *Hall*, 210 Mass. 332, 335; *Bath Iron Works, Ltd.* v. *Savage*, 262 Mass. 123, 126, 127. Cases cited in *Regan* v. *Atlantic Refining Co.* 304 Mass. 353, 354, are inapplicable under Rule 3. The petitioners allege that the bill of exceptions was disallowed on February 18, 1941. There was ample opportunity for the clerk to mail a notice of disallowance of the bill of exceptions more than twenty days before March 13, 1941. Neither the allegation in the petition that notice was received by counsel for the defendants on February 24, 1941, nor any other allegation therein directly, or even by implication, tends to show that notice was not so mailed. Seasonable filing of the petition, therefore, is not alleged. Whether in any other respect the petition fails to conform to the governing statute and rule need not be considered.

*M. A. Moscow*, for the petitioners.

*W. L. Allen*, for the respondents.