SETRAK K. BOYAJIAN, petitioner to establish the truth of exceptions. October 27, 1941. Petition dismissed. Ordered that a copy of this rescript be transmitted to the clerk of the Superior Court for the county of Worcester, where the original case was brought. This is a petition, filed in this court on May 12, 1941, by the plaintiff in the equity case of *Boyajian* v. *Hart,* et als. to establish exceptions disallowed in the Superior Court. There are at least three reasons for dismissing the petition. 1. The petition does not show that it was filed "within twenty days after notice of such refusal," as required by Rule 6 of the Rules of the Supreme Judicial Court for the Regulation of Practice before the Full Court (1926), 252 Mass. 585, 587. The notice therein referred to, as applied to this case, is a notice of the Superior Court. Under

the Rules of the Superior Court (1932) Rules 3 and 74, such a notice could have been given by mail and would be given when mailed in conformity with the rules. *Checkoway* v. *Cashman Brothers Co.* 305 Mass. 470. *Lincoln Electric Co.* v. *Sovrensky*, 305 Mass. 476, 477. *Siegel, petitioner*, 309 Mass. 553. The petition does not show that notice in this case was not given by mail or, if mailed, was not mailed more than twenty days before the petition was filed. See *Siegel, petitioner*, 309 Mass. 553. 2. The petitioner did not give notice of the filing of the petition in accordance with the requirement of said Rule 6 that the petitioner "shall, before filing his petition, give notice thereof to the adverse party, by delivering a copy thereof to him or his attorney of record." Unlike the rules of the Superior Court, this rule contains no provision for notice by mailing and, consequently, in accordance with the principle generally applicable where there is no such provision, such notice is not given until received by the person to be notified. *Regan* v. *Atlantic Refining Co.* 304 Mass. 353, 354. Rule 6 was so interpreted in *Thorndike, petitioner*, 270 Mass. 334, 335, where it was said: "Before the petition is filed, notice must reach the adverse party or his attorney accompanied by copy of the petition proposed to be filed . . . The rule does not specify precisely how the copy and notice must be delivered. If resort is had to the mail, there must be proof that delivery was made to the adverse party or his attorney of record before the petition was filed." There was no such proof in the case at bar. The notice was received on May 13, 1941 — the day after the filing of the petition. Delivery of the notice within the twenty-day period, but after the petition was filed, would not have been compliance with the rule. See *McCarty* v. *Boyden*, 275 Mass. 91, 93. The rule so interpreted cannot be pronounced void as unreasonable or beyond the scope of the statute applicable to such rules (G. L. c. 231, § 117) on the ground that it imposed an unreasonable burden upon an excepting party — at least in the circumstances of this case. 3. Even if the truth of the exceptions was established "no question of law of such gravity as properly to call for consideration of the court would be presented." *Commonwealth* v. *Vallarelli*, 273 Mass. 240, 247. The exceptions sought to be established are to an order striking from the record a motion of the petitioner and to an order forbidding the filing of further papers by him. It does not appear in the bill of exceptions that a final decree had not been entered in the case or that the petitioner's motion or any paper that he sought to file was of such a nature as to have any standing after the entry of a final decree. See *Kingsley* v. *Fall River*, 280 Mass. 395, 398; G. L. (Ter. Ed.) c. 214, §§ 21, 22.

*S. K. Boyajian, pro se.*
*A. S. Hyland*, for the respondents.