ALFRED H. HOLMES & another *vs.* FITCHBURG &
LEOMINSTER STREET RAILWAY CO.
(and a companion case).

Worcester. March 2, 1964. — April 13, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Practice, Civil,* Nonsuit; Motion; Entry of judgment; Exceptions: saving of exception, filing of bill; Notice to counsel; Vacation of judgment.

Where the plaintiff in an action, nonsuited under Rule 36 of the Superior Court (1954) for failure to answer interrogatories, the nonsuit to be vacated if the answers were filed within thirty days, did not file the answers within that period but did file within it a motion to extend the time for the answers, the filing of the motion prevented the action from going to judgment automatically under Rule 79 after the expiration of the thirty days although the motion was not dealt with until long afterward when a judge impliedly allowed it by permitting answers to be filed. [318]

Notice of denial of a motion in the absence of counsel in an action was sufficiently given by the clerk under Rule 3 of the Superior Court (1954) when it was given to one of two unassociated counsel of record for the moving party, and an exception to the denial filed more than

three days after receipt of the notice by that counsel, although within three days after receipt of a later notice of the denial given to the other counsel of record for the moving party, was not seasonably filed under Rule 72 and was properly struck "from the record" on motion of the opposing party. [318–319]

After an action in which there was a verdict for the plaintiff had gone to judgment for the plaintiff automatically under Rule 79 of the Superior Court (1954) through failure of the defendant to file seasonably a bill of exceptions based on an exception duly saved at the trial to denial of a motion for a directed verdict and failure to claim seasonably exceptions to denial of certain motions made by the defendant after the verdict, it was too late under G. L. c. 231, § 113, as amended by St. 1945, c. 328, to allow the defendant to file a bill of exceptions based on the exception saved at the trial. [319]

No abuse of discretion appeared in denial of a petition by the defendant in an action to vacate an automatic judgment for the plaintiff under Rule 79 of the Superior Court (1954) following a verdict for the plaintiff and failure of the defendant to file seasonably a bill of exceptions based on an exception duly saved at the trial to denial of a motion for a directed verdict and failure to claim seasonably exceptions to denial of certain motions made by the defendant after the verdict. [319–320]

TORT. Writ in the Superior Court dated August 14, 1959.

There were verdicts for the plaintiffs at the trial before *Quirico, J.* The defendant alleged exceptions to action of the judge in disallowing a bill of exceptions by it, in allowing a motion by the plaintiff "to strike defendant's exceptions from the record," and in denying motions by the defendant to "vacate findings" and for leave to file a bill of exceptions late; and to denial by *Meagher, J.,* of a motion by the defendant that a motion by the plaintiff for an extension of time for answering interrogatories be struck and that judgment for the defendant be entered.

PETITION filed in the Superior Court on May 7, 1962, by the defendant in the above action to vacate judgment therein.

The petitioner alleged an exception to denial of the petition by *Quirico, J.*

*Robert B. Bowen* for Fitchburg & Leominster Street Railway Co.

*Alphonse P. San Clemente* for Alfred H. Holmes & another.

SPALDING, J.   In this action of tort, in which the plaintiff Lillian Holmes (hereinafter called the plaintiff) had a verdict, several procedural questions have arisen.[1]   Since our answers to these questions are decisive of the case we do not reach the merits.   There are also before us exceptions arising out of a petition to vacate judgment.

## THE FIRST CASE.

The questions for decision arose in these circumstances. On March 30, 1960, a conditional nonsuit under Rule 36 of the Superior Court (1954) was entered against the plaintiff for failure to answer interrogatories.   The condition of the nonsuit was that it was to be vacated if the answers to the interrogatories were filed within thirty days.   On April 27, 1960, the plaintiff filed a motion for extension of time to answer the interrogatories.   When the case was called for trial in November, 1961, no action had been taken on this motion.   At that time the plaintiff, who had prepared answers to the interrogatories, filed them with the clerk and the case then proceeded to trial.   On November 9, the defendant presented a motion for directed verdicts, which was denied subject to its exception.   On November 10, the jury returned verdicts for the plaintiff and her husband.   These verdicts were recorded under leave reserved.

On November 14, the defendant filed a motion for a new trial on the grounds that the verdicts were against the evidence and the law and that the damages were excessive. The defendant also moved that verdicts be entered for it under leave reserved.   On March 27, 1962, both motions were denied.   On March 29, the clerk mailed a notice of the denial to Rauni V. Helin, one of the counsel of record for the defendant.   Mr. Helin represented the defendant at the trial and filed and argued the above mentioned motions. The notice of the disposition of these motions was received by Mr. Helin on March 30, and a similar notice was received by Burton M. Stevens, one of the counsel of record for the

---

[1] The declaration also contained a count in which the plaintiff's husband sought consequential damages.

plaintiff. No exceptions to the disposition of the motions were filed within three days of the receipt of the notice. On April 4, the clerk mailed notices of the action taken on the motions to Henry G. Bowen, one of the counsel of record for the defendant, and to Alphonse P. San Clemente, a counsel of record for the plaintiff, who represented the plaintiff at the trial and argued the motions. These notices were received on April 5. Exceptions to the denial of the motions were filed by Mr. Bowen on the following day, April 6. Mr. Bowen engaged Mr. Helin to try the case for the defendant. They were not, however, associated in the practice of law.

On April 16, the defendant filed a bill of exceptions based on the exception taken at the trial to the denial of its motion for directed verdicts and the exceptions filed on April 6 to the denial of its motions for a new trial and for the entry of verdicts in its favor under leave reserved.

In June, the defendant filed a motion "to vacate findings" and a motion for leave to file a bill of exceptions late grounded on an exception to the denial of its motion for directed verdicts. On August 14, the plaintiff made a motion to "strike defendant's exceptions from the record."

The motions just described and the matter of the allowance of the bill were heard together.[2] The judge disallowed the bill of exceptions "for the reason that it was not filed within the time required by law, insofar as it relates to exceptions seasonably taken during . . . the trial; and for the reason that exceptions allegedly taken after the verdict was returned were not taken within the time required and limited by law." He denied the defendant's motions to "vacate [the] findings" and for late filing of the bill, and he granted the plaintiff's motion to strike the defendant's exceptions.

1. The defendant argues that because of the plaintiff's failure to comply with the terms of the conditional nonsuit entered on March 30, 1960, the case became ripe for judgment at the expiration of thirty days (the time within which

[2] A petition to vacate judgment brought by the defendant (to be discussed later) was also heard at that time.

Holmes *v.* Fitchburg & Leominster Street Railway.

answers could be filed) and thus went to judgment on May 2, 1960.[3]   Unless something occurred during the thirty days following March 30, which prevented the case from going to judgment the case would have been ripe for judgment at the expiration of that period and would have gone to judgment on the next judgment day, May 2.   See Rule 79 of the Superior Court (1954).   The plaintiff does not contend otherwise.   She argues, however, that the filing of her motion to extend the time for answering the interrogatories prevented the case from going to judgment.

The plaintiff relies heavily on *Cohen* v. *Industrial Bank & Trust Co.* 274 Mass. 498.   Because of its pertinency we shall discuss that decision in some detail.   On November 7, 1929, when the case came on for trial the defendant was defaulted. On November 8, the defendant filed a motion to remove the default, setting forth reasons that might have been found adequate for its removal.   No action was taken until January 18, 1930, when the plaintiff moved that the defendant's motion of November 8 to remove the default be dismissed and that judgment be entered as of November 18.   Except for the filing of the defendant's motion on November 8, the case was otherwise ripe for judgment on November 18. The court granted the defendant's motion to remove the default, denied the plaintiff's motion for judgment, and ordered the case to be placed on a trial list.   The sole question for decision, as stated by Rugg, C.J., was "whether the mere filing of . . . [the defendant's motion] was sufficient to prevent the case from going to judgment, or whether the case automatically went to judgment" (p. 499).   The plaintiff contended there, as the defendant does here, that the motion actually should have been brought to the attention of the court for affirmative action of some sort before the time when under the general rule the case would be ripe for judgment; otherwise, the case became ripe and went to

---

[3] This question comes here in the following circumstances.   On February 8, 1963, the defendant made a motion to strike from the record the plaintiff's motion to extend the time for filing answers to the interrogatories and for entry of judgment in its favor.   This motion was denied subject to the defendant's exception.

judgment automatically. The court rejected this contention, holding, after an exhaustive discussion of the relevant authorities, that the case had not gone to judgment.

We are of opinion that the case at bar is controlled by the *Cohen* case. There it was held that the filing of a motion to remove a default was sufficient to prevent the case from going to judgment. We think that the motion here to extend the time for filing answers to the interrogatories filed before the expiration of the period stated in the conditional nonsuit likewise prevented the case from going to judgment on May 2, 1960. When the case was called for trial the plaintiff's motion for an extension of time, never having been acted upon, was still alive and the judge by allowing the plaintiff's answers to the interrogatories to be filed impliedly allowed the motion. See *Krinsky* v. *Stevens Coal Sales Co. Inc.* 309 Mass. 528, 532; *Hill* v. *Trustees of Glenwood Cemetery,* 323 Mass. 388, 392.

2. We turn now to the question whether the defendant seasonably claimed exceptions to the denial of its motions for a new trial and for the entry of verdicts in its favor under leave reserved. These motions were denied on March 27, 1962, and notice of such denial was received by Mr. Helin, one of the counsel of record, on March 30. Rule 72 of the Superior Court (1954) provides that exceptions to a "ruling . . . made in the absence of counsel shall be taken by a writing filed with the clerk within three days after the receipt from the clerk of notice thereof." Exceptions to the denial of the motions were filed by Mr. Bowen, one of the counsel of record for the defendant, on April 6, which was more than three days after Mr. Helin was notified of the denial, but the filing was within three days from the time that Mr. Bowen received notice. If the exceptions must be filed within three days after receipt of the notice by one of the counsel, then the exceptions here were not filed seasonably. It is the defendant's position that all of its counsel of record were entitled to notice and that the exceptions filed by Mr. Bowen were seasonable. The pertinent provisions of Rule 3 of the Superior Court (1954) read: "A notice to a

party required by or given in pursuance of these rules . . . shall be in writing, and . . . shall be given to such party or his attorney or *any* of his attorneys by delivering the same personally to him or by mailing the same, postage prepaid, to him at his business address or the address entered under Rule 19'' (emphasis supplied). The notice to counsel with respect to the denial of the motions in the absence of counsel was a notice ''required by or given in pursuance of'' the rules of the Superior Court and is governed by Rule 3. See *Siegel, petitioner,* 309 Mass. 553. It is plain under that rule that where a party has more than one attorney a notice to one of them will suffice. Thus the exceptions were not filed seasonably. The court did not err in disallowing the defendant's bill of exceptions, in refusing to ''vacate [the] findings,'' and in denying the defendant's motion for the late filing of its bill of exceptions based on the exception taken at the trial.[4] The judge rightly granted the plaintiff's motion ''to strike defendant's exceptions from the record.''

*Exceptions overruled.*

### The Second Case.

The defendant's exceptions discussed above were based on the assumption that the case never went to judgment against it. But realizing that there was a possibility that the case may have gone to judgment, the defendant (petitioner here) brought this petition to vacate judgment. This petition was denied after hearing, subject to the petitioner's exception. There was no error. We do not reach the merits of the case on which the judgment sought to be vacated is based. We assume for present purposes that the petitioner had a meritorious case. See *Russell* v. *Foley,* 278 Mass. 145. But the granting of a petition to vacate ''rests largely, but not exclusively, in the sound discretion of the

---

[4] General Laws c. 231, § 113, as amended by St. 1945, c. 328, provides that the presiding judge may permit a bill of exceptions to be filed after the expiration of the time prescribed for such filing, if a party, through inadvertence, has failed to file the bill seasonably; but this can be done only before final judgment.

judge.'' *Mede* v. *Colbert,* 342 Mass. 166, 169. The petition is grounded on the fact that the case went to judgment because of the failure of the petitioner to claim its exceptions in the manner required by Rule 72 of the Superior Court (1954). The details relating to this have been outlined above and need not be restated. We are of opinion that the denial of the petition reveals no abuse of discretion.

*Exceptions overruled.*