LAWRENCE NEIL, administrator, *vs.* WHITING MILK
COMPANY, INC.
(and a companion case[1]).

Middlesex.    September 18, 1974. — November 4, 1974.

Present: TAURO, C.J., REARDON, BRAUCHER, HENNESSEY, & WILKINS, JJ.

*Limitations, Statute of. Executor and Administrator,* Action for death.
*Judgment,* Petition to vacate. *Practice, Civil,* Vacation of judg-
ment.

Where it appeared that an action for conscious pain and suffering of one
    who was involved in an automobile accident and died the day after
    the accident was brought more than two years after the accident, that
    an administrator of the deceased was appointed after the action was
    begun but was not substituted as plaintiff until more than two years
    after he gave bond, that a verdict for the defendant was directed on
    the ground that recovery was barred by the statute of limitations, and
    that the plaintiff failed to file a timely bill of exceptions and judgment
    for the defendant was entered, it was held that there was no abuse of
    discretion in denying a petition by the plaintiff to vacate the
    judgment. [306-307]

Two ACTIONS OF TORT. Writs in the Superior Court dated
January 26, 1967, and February 14, 1967, respectively.

The actions were tried before *Mitchell,* J., and petitions
to vacate judgment were heard by him.

*Stanley M. Cohen* for the plaintiff.

*Steven J. Cohen (Jeffrey S. Stern* with him) for Whiting
Milk Company, Inc.

*Herbert S. O'Neill,* for Richard H. Dodge & another,
submitted a brief.

BRAUCHER, J.    These actions of tort for conscious pain
and suffering and for wrongful death involved questions
under the statute of limitations resembling those decided

---

[1] Lawrence Neil, administrator, *vs.* Richard H. Dodge & another.

in *Gaudette* v. *Webb*, 362 Mass. 60 (1972). Judgments for the defendants were entered in 1971, and after the *Gaudette* decision the plaintiff filed petitions to vacate the judgments under G. L. c. 250, §§ 15-20. We hold that the judge did not abuse his discretion in denying the petitions, and we overrule the plaintiff's exceptions to the denials. Mass. R. A. P., 1A, par. 7, 365 Mass. 845 (1974).

The actions arose out of an automobile accident on October 24, 1964, resulting in the death of a minor pedestrian on October 25, 1964. The actions were commenced on January 26, 1967, and February 14, 1967. The plaintiff, father of the decedent, was appointed administrator of his estate on June 21, 1967, and gave bond on June 28, 1967, which was approved on June 29, 1967. He was substituted as plaintiff on May 25, 1971. At trial on May 25, 1971, verdicts were directed for the defendants on the plaintiff's opening statement on the ground that the statute of limitations barred recovery.

No bill of exceptions or motion to extend the time for filing a bill of exceptions was filed within twenty days, as required by G. L. c. 231, § 113. Thereafter the plaintiff filed a motion for late filing; that motion was heard and denied on July 26, 1971, and the plaintiff claimed an exception but did not file a bill of exceptions or move for an extension of time. Judgments for the defendants were entered on August 23, 1971. On August 15, 1972, the plaintiff filed petitions to vacate the judgments. The petitions were denied on January 2, 1973, and substitute bills of exceptions were allowed on July 23, 1973. The cases were transferred to this court from the Appeals Court under G. L. c. 211A, § 10 (A), inserted by St. 1972, c. 740, § 1.

The defendants argue that the claims for wrongful death are "to the use of the next of kin." G. L. c. 229, § 1 (4), as amended by St. 1961, c. 166; § 2, as amended by St. 1962, c. 306, § 1. They further argue that the next of kin are the decedent's parents and do not include his minor brother. G. L. c. 190, §§ 2, 3. Therefore, they say, no minor is entitled to the action and G. L. c. 260, § 7, as construed in

*Gaudette* v. *Webb, supra,* is inapplicable. They also point out that in *Gaudette* v. *Webb, supra,* we said that G. L. c. 260, § 10, does not apply to wrongful death actions. The plaintiff apparently yields to these arguments and confines his argument to the claims for conscious pain and suffering. We consider only those claims.

The plaintiff's claims for conscious pain and suffering were dismissed because more than two years elapsed between the accident or the death and the commencement of the actions. G. L. c. 260, § 4, as amended by St. 1960, c. 271. Under *Gaudette* v. *Webb, supra,* 362 Mass. at 63, however, the cases were governed by G. L. c. 260, § 10, permitting commencement of an action by an administrator "within two years after his giving bond." The actions here were commenced before the plaintiff gave bond, and he was substituted as plaintiff in 1971, more than two years after he gave bond. He claims that the original defect in the writs and declarations was cured by the substitution and that the actions were therefore timely brought. G. L. c. 231, § 51. But compare *Brooks* v. *Boston & No. St. Ry.* 211 Mass. 277, 279 (1912); *O'Rourke* v. *Sullivan,* 309 Mass. 424, 427 (1941).

We assume, without deciding, that the plaintiff's analysis is correct and that the judge was therefore in error in deciding that the actions were barred. But any such error was open to correction by bills of exceptions as in *Gaudette* v. *Webb, supra.* The plaintiff does not and indeed cannot assert that in failing to file timely bills of exceptions he relied on a decision of this court on the precise point. "The granting of a petition to vacate a judgment is not governed by a fixed rule but rests largely although not exclusively in the sound discretion of the court." *Russell* v. *Foley,* 278 Mass. 145, 148 (1932). We think that no abuse of discretion has been shown. We do not decide whether it would have been an abuse of discretion to grant the petitions. Compare *Herlihy* v. *Kane,* 310 Mass. 457, 459 (1941), with *Hackney* v. *Butler,* 339 Mass. 605, 609 (1959).

*Exceptions overruled.*