GILBERTO MATOS & another *vs.* TRINITY CONSTR. CO., INC. & another. December 27, 1974. The defendants bring a bill of exceptions to the allowance of the plaintiffs' petition to vacate judgment. The defendants argue that the petition to vacate judgment was insufficient as a matter of law to permit the judge discretion to grant it. The basis of the defendants' argument is that the petition represents that failure to obey an order of "May 1, 1972," to file answers to interrogatories was the reason for the entry of judgment, while the true ground was failure to appear in court when the case was reached for trial on that same date. However, the defendants are mistaken in their argument. The case by automatic action had gone to judgment on September 20, 1971, as a result of a nonsuit for failure to answer interrogatories. On August 9, 1971, the defendants filed an application under Rule 36 of the Superior Court (1954) that the plaintiffs be nonsuited. The plaintiffs had thirty days in which to remove the nonsuit by filing answers to the interrogatories. The plaintiffs failed to do so, and notice was sent to them on September 9, 1971, in accordance with G. L. c. 231, § 64 (as amended by St. 1966, c. 432). Under that provision, the case became ripe for judgment five days after written notice was sent to the plaintiffs. By virtue of Rule 79 of the Superior Court (1954), the case went to judgment at 10:00 A.M. on the following Monday, September 20, 1971. See *Holmes* v. *Fitchburg & Leominster St. Ry.* 347 Mass. 313, 316-317 (1964). The petition properly apprised the court of the plaintiffs' failure to answer interrogatories as the grounds for the nonsuit. The facts that the petition incorrectly stated the date of judgment and that the clerk's office continued to make entries upon the docket following the date of judgment are immaterial. Cf. *Mahoney* v. *Bernstein,* 353 Mass. 649, 650-652 (1968). A petition to vacate a judgment "is addressed to sound judicial discretion, the exercise of which is not ordinarily reviewed by [an appellate] . . . court." *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272, 277 (1934). *Lee* v. *Flower,* 263 Mass. 440 (1928). *Russell* v. *Foley,* 278 Mass. 145, 148 (1932). *Neil* v. *Whiting Milk Co. Inc.* 366 Mass. 305, 307 (1974). No basis for concluding that the judge abused his discretion is suggested to this court. See *Rose* v. *Harrison,* 228 Mass. 261 (1917); *Fairbanks* v. *Beard,* 247 Mass. 8 (1923). See also *Cobb* v. *Hale,* 172 Mass. 387 (1899).

*Exceptions overruled.*

   *James J. Walsh* for the defendants.
   *Gordon S. Mirkin* for the plaintiffs.