GENERAL STAY CO., INC. *vs.* OXFORD-HOPKINS CO., INC. June 12, 1975. The defendant (Oxford) appeals from an order allowing the plaintiff's (General Stay) petition to vacate a judgment of the Superior Court (G. L. c. 250, § 15, as in effect prior to St. 1973, c. 1114, § 296). In the original proceedings, General Stay had commenced an action of tort against Oxford by trustee process and filed a bond pursuant to G. L. c. 246, § 1 (as in effect prior to St. 1973, c. 1114, § 259). A judge of the Superior Court granted Oxford's motion for a directed verdict, after which Oxford filed a "motion for assessment of costs and damages." After a hearing on the motion, with both parties present, a second judge of the Superior Court (the trial judge having retired) made a finding for Oxford in the sum of $1,488, which represented the damages sustained by Oxford as a result of the trustee process attachment. See G. L. c. 246, § 1. General Stay claimed an exception to the judge's finding for Oxford, but did not act further on it. Judgment was then entered against General Stay, and an execution was issued which apparently has not been satisfied. General Stay then brought the present petition to vacate judgment before the second judge, alleging that the clerk had acted improperly in entering a judgment for damages in the absence of any pleading asking for damages, other than Oxford's motion. We reverse the order allowing the petition to vacate. Whether such a petition should be granted is a question addressed largely to the discretion of the judge. *Neil* v. *Whiting Milk Co. Inc.* 366 Mass. 305, 307 (1974). However, such a petition will not ordinarily be granted when based upon alleged errors of law which were or could have been raised in the course of the original proceedings. *Lynch* v. *Boston,* 313 Mass. 478, 481 (1943). See *Ryan* v. *Hickey,* 240 Mass. 46, 47 (1921); *Peterson* v. *Hopson,* 306 Mass. 597, 600 (1940). We read the petition as alleging that the judgment should be vacated because the judge committed error in awarding damages to Oxford (after a hearing) under G. L. c. 246, § 1, when there was no pleading asking for damages other than Oxford's motion. Assuming that it was error for the second judge to award damages in the manner recited, General Stay's proper remedy was to raise the issue during the course of the original proceedings and, if dissatisfied with the second judge's ruling, seek appellate review by way of a bill of exceptions. We think that this case falls within the principles of *Hackney* v. *Butler,* 339 Mass. 605, 608, 609 (1959), and that the petition to vacate judgment should not have been allowed. *Ryan* v. *Hickey, supra,* at 47. See *Neil* v. *Whiting Milk Co., Inc., supra,* at 307. That General Stay "purposely" did not pursue such a course is immaterial. Furthermore, the actual entry of the judgment by the clerk in accordance with the judge's finding did not, as claimed by General Stay, warrant the vacation of the judgment, as the clerk's ac-

Rescript Opinions.

tion was entirely proper. Superior Court Rule 79 (1954). *Sullivan* v. *Jordan,* 310 Mass. 12, 15, 16-17 (1941). In light of our conclusions above, we need not deal with other contentions raised by the defendant. The order allowing the petition is reversed, and judgment is to be entered dismissing the petition.

*So ordered.*

*John J. Sullivan* for the defendant.
*Peter F. Davis* for the plaintiff.